JAMES RAWLEY v. VICTOR COLLIAU AND FRANK COLLIAU.

*Master and servant—Defective tools—Fellow-servants.*

1. A verdict in favor of the defendants is held to have been properly directed in this case, no negligence on their part being shown.
2. It will not be assumed, as a matter of law, that a master is negligent in allowing a sledge-hammer to lie about his shop with its face cracked or battered, when there are others at hand that are sound, and in fit and safe condition for use, and when his servants are not obliged or directed by him to use the defective hammer, but can use the sound ones in their work.

Error to Wayne. (Brevoort, J.) Submitted on briefs January 7, 1892. Decided January 22, 1892.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*S. E. Engle,* for appellant, contended:

1. By defendants' carelessness in not keeping the hammer in order, but leaving it lying around the shop with the other hammers,

liable to be used at any time, while in a condition extremely dangerous, its condition and the danger being obvious and apparent on its surface to the inspection of any competent person, as the defendants must be assumed and held to be, the plaintiff has lost one eye, with consequent danger to the other, and for this negligence defendants must be held responsible; and it may be noted that the foreman in this case is one of the defendants; citing *Adams v. Iron Cliffs Co.*, 78 Mich. 288; *Van Dusen v. Letellier*, Id. 493; *Brown v. Gilchrist*, 80 Id. 62–65.

*Frederick T. Sibley* (*Charles M. Swift* and *James C. Smith, Jr.*, of counsel), for defendants.

MORSE, C. J. The plaintiff is a blacksmith, 46 years of age, and had worked 20 years or more at his trade. He was in the employ of the defendants but a short time, but was familiar with the work in which he was employed at the time he was injured, and for which injury he brings this suit. At the time he was hurt he was holding a heavy iron bar against a section of boiler-iron, while another employé was holding a steel punch against the other side, and a third employé was striking the punch with a sledge-hammer, for the purpose of making holes through said plate or section of boiler-iron. A piece of steel flew off from the face or edge of the sledge-hammer and struck plaintiff in the eye, injuring and destroying the sight.

It is alleged in the declaration that it was the duty of defendants to exercise care and diligence in providing tools and implements, and to furnish safe tools and implements for carrying on their business without danger to their employés, and that they did not do so, but carelessly and negligently provided and furnished a sledge-hammer which was dangerous and unfit to be used; and especially that it was not properly tempered, and was scaled or splintered and cracked about its face and edges, so that, when it was used in striking heavy blows, it was

liable to break and chip off, causing the pieces to fly with great force to the great danger of wounding and injuring the plaintiff; that he himself was not in the habit of using this sledge-hammer, and was not aware of its condition, nor of the danger attending its use.

After hearing the evidence on the part of the plaintiff, the court below directed a verdict for the defendants, and we think the court was right in such instruction. There were several sledge-hammers in use in the shop where plaintiff was employed, and none of the rest of them were shown to be in an improper condition for use. The hammer which caused the injury had been in use for a long time, and its condition had been brought about by such use. There is some doubt whether the hammer, by an inspection of the naked eye, would have disclosed its improper or dangerous condition before the happening of the injury; but, conceding that it would, the defendants cannot be held liable for its use in this instance, or the injury arising from such use. The plaintiff well knew that long use would naturally bring a hammer to this condition, and he was not bound to use it, or to work, while another employé was using it, in such close proximity as to be injured by its flying pieces. Each employé could use what hammer he chose, and it is not shown that any one was necessitated to use this particular hammer. It was not shown how long this hammer had been in this imperfect condition. Defendants kept a tool repairer in the shop, whose special business it was to repair the tools.

We cannot assume, as a matter of law, that the defendants were negligent because this sledge-hammer was lying about the shop with its face cracked or battered, when there were others that were sound, and in fit and safe condition for use, and when neither the plaintiff nor

90 MICH—3.

any of his fellow-employés were obliged or directed by defendants to use this particular hammer in their work, and when they could have used a hammer not defective. The fact that plaintiff did not select this hammer himself, and was not aware of its unfit condition, imposes no additional fault upon the defendants. He was an experienced workman, and could have seen the defects in the hammer had he noticed it, if the defects were apparent. He knew that use was liable to cause such defects. The negligence of his fellow-servant in using this hammer would not render the defendants liable, unless they can be held negligent for permitting the hammer to be in the shop in this condition. We do not think they were obliged to remove this tool from the shop while it was awaiting repair, or to lock it away from the employés. If this hammer had been the only one in the shop, or the only one that could be used, or defendants had directed it to be used, knowing its condition, another case would be presented. As it is, the case comes clearly within the opinion in *Hefferen v. Railroad Co.*, 45 Minn. 471 (48 N. W. Rep. 1), which we think is a correct exposition of the law as applied to the facts in that case and in this. The facts in the two cases are so nearly alike as to be governed by the same principles of law.

The judgment is affirmed, with costs.

The other Justices concurred.