## JOHN KEHOE v. LLOYD N. ALLEN AND CHARLES E. NEWTON.

*Master and servant—Negligence of fellow-servant.*

1. A molder was injured by the escape of the heated metal from a mold, alleged to have been caused by the use of a defective flask in making the mold. The molds were made by the employés of the defendants, and numerous flasks were supplied to the employés, who were not required to use the one in question. And it is held that the fault, if any, was that of a fellow-servant; citing *Rawley v. Colliau,* 90 Mich. 31.

2. A servant who is working over-time in the line of his employment is subject to the risks thereof.

Error to Wayne. (Brevoort, J.) Argued June 24, 1892. Decided July 1, 1892.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellant, contended:

1. When the defendants delegated to their foreman the right to command plaintiff to do extraordinary work, it was their duty

to furnish proper and suitable appliances in such good order and repair as to be suitable and sufficient for the purpose required of them, and in no wise dangerous to plaintiff; citing *Johnson v. Spear,* 76 Mich. 139; *Adams v. Iron Cliffs Co.,* 78 Id. 271; *Van Dusen v. Letellier,* Id. 492, 502; *Hunn v. Railroad Co.,* Id. 513; *Harrison v. Railroad Co.,* 79 Id. 422–426; *Brown v. Gilchrist,* 80 Id. 56; *Morton v. Railroad Co.,* 81 Id. 423; *Lyttle v. Railway Co.,* 84 Id. 289; *Roux v. Lumber Co.,* 85 Id. 522; *Tangney v. Wilson,* 87 Id. 456; and it was also defendants' duty to exercise reasonable care in ascertaining and keeping in a safe condition the tools and appliances which they furnished their employés, by examination and inspection; citing *Beauchamp v. Mining Co.,* 50 Mich. 163; *Weiden v. Light Co.,* 73 Id. 273; *Johnson v. Spear,* 76 Id. 142, 143; *Morton v. Railroad Co.,* 81 Id. 433.

*Wells, Angell, Boynton & McMillan,* for defendants.

MONTGOMERY, J.   Plaintiff sued to recover for personal injuries. The circuit judge directed a verdict for the defendants, and the sole question presented by the assignments of error is whether the testimony adduced entitled the plaintiff to have his case passed upon by the jury.

The plaintiff is a molder by trade, 27 years old, and has had 12 years' experience in foundry work. The declaration avers, in substance, that plaintiff was called upon to assist in pouring heated metal into certain molds prepared by others in the employ of defendants, and that he proceeded to and did pour said heated metal into certain molds prepared as aforesaid; and after plaintiff had completed the pouring, and had filled a part of said molds with such heated metal, and plaintiff had started and partially filled a certain other mold, prepared as aforesaid, the said heated metal ran out of the side of said mold, because the same was improperly made and plugged, and scalded and burned one of the feet of said plaintiff.

Plaintiff's counsel in their brief complain of certain rulings of the court in excluding testimony offered by the plaintiff, but, as no error is assigned upon these rul-

ings of the court, we must dispose of the case upon the evidence adduced.

The testimony which was received shows that the molds into which the metal is poured are made by the employés of the defendants; that the mold in question was made by one Stewart. In making these molds pockets or flasks are used to hold the sand in place. In preparing the mold the two parts of the flask are separated. The upper part of the flask is called the " cope;" the lower, the " drag." The lower half of the pattern is first imbedded in damp molding sand in the drag. The cope is then placed upon the drag, and damp sand is packed upon the top of the pattern until the cope is filled. The two parts of the flask are again separated, and the pattern is removed. The cope is then replaced upon the drag, and fastened to it with clamps. Within is the hollow space which corresponds to the pattern, and which is to receive the molten iron. Pouring holes are provided, varying in number according to the size of the proposed casting. Air holes or vents are also made for the escape of gas. The two halves of the flask are rarely, if ever, in perfect union. The flask is intended to retain the bulk of damp sand which makes the mold. It is not intended that the molten iron will come in contact with the wooden sides of the flask. If the mold of sand is not well made, the iron will run out, and burn the edges of the flask. This is shown by the testimony to be common, and the imperfection in the flask in question is shown to have resulted from this cause. When the heated metal escapes through any imperfection in the mold it is called a " run-out," and the testimony shows that these run-outs occur frequently, and in a large foundry like the one in question one occurs nearly every day. These flasks supplied to the employés are

numerous, and there is no evidence that they were required to use the imperfect flask in question. Under these circumstances, the fault, if any, was the fault of a fellow-servant. See *Rawley v. Colliau,* 90 Mich. 31.

It is claimed that, as the plaintiff's usual. work was bench work, he was not a fellow-servant of Stewart, who made the mold in question. But the whole testimony shows that plaintiff was working by the day, and that the day laborers were frequently called upon to assist in running out these molds, and that the plaintiff himself had before been called upon to perform the same services.

The claim was also made that the plaintiff had finished his day's work before the accident occurred, and that he was required to do this work after he had completed his stint for the day, and it is claimed that some special duty was owing to him by the defendants for this reason; but the testimony shows that the plaintiff had not completed his 10 hours' work, and that there was no agreement which excused him from continuing until he had done so. Furthermore, he was in the line of his employment, and, even if working over-time, was subject to the usual risks thereof.

The judgment will be affirmed, with costs.

The other Justices concurred.