VAN DEN HEUVEL, Appellant, vs. THE NATIONAL FURNACE COMPANY, Respondent.

*March 23 — April 11, 1893.*

*Master and servant: Injury through negligence of fellow-servant: Selection of appliances.*

1. The master is not liable for an injury to a servant caused by the breaking of a plank selected by a fellow-servant to be used as a bridge over which to carry charcoal from a car to a shed, when the master had furnished a pile of planks of different thicknesses suitable for various uses, some of which were sufficiently strong for this purpose, and it was a part of the regular duty of the servants to select the planks to be used.

2. The servant who selected the plank in question and put it in place was a fellow-servant of the one injured, though not at work at the time of the accident.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for personal injuries. The defendant is a corporation operating a large iron-smelting furnace at De Pere, Wis. On the 4th of May, 1891, plaintiff was a laborer in defendant's employ in and about the furnace and yard, and had been such for three years. Defendant uses a large amount of charcoal in its business, which is brought into its yard in railroad cars, and unloaded by its employees into sheds by the side of the railroad track. This unloading process is called "stocking." The car is placed so that its door is opposite a corresponding door or opening in the stock shed. Two planks are placed from the door of the car to the opening in the shed (a distance of about ten feet), and the laborers carry the charcoal in a large box with handles from the car to the shed, each walking upon one of the planks. The plaintiff had worked at "stocking" a number of times during his service. On the evening of May 4, 1891, he was working on the night shift, and came on duty about 6 o'clock P. M.

Van den Heuvel vs. The National Furnace Co.

He worked with another laborer "stocking,"—carrying one end of the box,—until about half past 10 o'clock, when the plank on which he was walking broke, and he was thrown to the ground, breaking his arm. The plank which broke was a three-inch pine plank, apparently sound. The defendant had at the time a considerable pile of planks of different sizes and thicknesses near the stock shed, which were used as occasion required for repairing and other necessary uses in and about the yard. No special planks were designated for use in making these temporary bridges for "stocking" coal, but when the workmen desired a plank for this purpose they went and selected one from the pile, either of their own motion or by direction of the superintendent of the yard. The defendant had not worked at "stocking" for some time previous to the night of the accident. The plank which broke had been in use for this purpose for a day or so before it broke, and was selected from the pile by a fellow-workman for the purpose. At the close of the evidence a verdict for the defendant was directed, and from judgment thereon plaintiff appeals.

For the appellant there was a brief by *Wigman & Martin,* and oral argument by *P. H. Martin.* They cited *Carter v. Oliver Oil Co.* 34 S. C. 211, 27 Am. St. Rep. 815; *Brown v. Gilchrist,* 80 Mich. 56, 20 Am. St. Rep. 496; *Clark v. Soule,* 137 Mass. 380; *Arkerson v. Dennison,* 117 id. 407; *Lund v. Hersey L. Co.* 41 Fed. Rep. 202; *Union P. R. Co. v. Broderick,* 30 Neb. 735; *Fraser v. Red R. L. Co.* 45 Minn. 235; *Moynihan v. Hills Co.* 146 Mass. 586, 4 Am. St. Rep. 348; *Johnson v. Spear,* 76 Mich. 139, 15 Am. St. Rep. 298.

For the respondent there was a brief by *Greene & Vroman,* and oral argument by *C. E. Vroman.* They cited *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338; *Fraser v. Red River L. Co.* 45 Minn. 235; *Butler v. Townsend,* 126 N. Y. 105; *Hefferen v. N. P. R. Co.* 45 Minn. 471; *Rawley*

*v. Colliau,* 90 Mich. 31; *Thyng v. Fitchburg R. Co.* 156 Mass. 13; *Kehoe v. Allen,* 92 Mich. 464; *Ling v. St. P., M. & M. R. Co.* 52 N. W. Rep. (Minn.), 378; *Hogan v. Smith,* 125 N. Y. 774; *Ballou v. C. & N. W. R. Co.* 54 Wis. 268; *Bohn v. C., R. I. & P. R. Co.* 106 Mo. 429; *Peffer v. Cutler,* 83 Wis. 281; *Scott v. Oregon R. & N. Co.* 14 Oreg. 211; *Cregan v. Marston,* 126 N. Y. 568; *McKinnon v. Norcross,* 148 Mass. 533; *Daley v. B. & A. R. Co.* 147 id. 101; *Smith v. C., M. & St. P. R. Co.* 42 Wis. 520; *Steffen v. C. & N. W. R. Co.* 46 id. 265; *Goltz v. M., L. S. & W. R. Co.* 76 id. 136.

WINSLOW, J. It is claimed by the plaintiff that this is a case where the evidence tends to show that the master has failed to furnish to his employees a safe appliance. Defendant claims that the selection of the plank was a detail of the employees' work, and that the selection of a defective plank, if negligence at all, is that of a co-employee and not of the master. The rule requiring the master to furnish safe appliances and machinery has been frequently recognized by this court. *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, cases collated on page 346. The same case recognizes and enforces the principle that where it is the duty of employees to erect a staging or structure, the master retaining no supervision, but providing suitable materials and employing careful workmen, the master is not liable for injuries to a workman caused by a fall of the staging.

In the present case it is clear that there were plenty of planks in the pile to which the employees had access, sufficiently strong for the purpose for which this plank was used; also, that it was the recognized duty of the employees to select and put in place the planks between the car and shed. The pile of planks near the shed was for various uses in and about the yard. Some of them were not strong

enough for this purpose, but were amply strong for other uses. When, as in this case, it is a part of the employee's regular and recognized duty to select the planks to be used, there seems no escape from the conclusion that such selection is a detail of the employee's work. In such case the appliance is not furnished for the work by the master, but the furnishing and preparation of it is part of the work which the workman is employed to perform. *Fraser v. Red River L. Co.* 45 Minn. 235. Here the master furnished no particular planks for this particular use. It furnished a large pile of planks and lumber for many different uses in the yard,— some strong enough for this use, and some not, but still fit for other uses. It contracted with its employees, as it might lawfully do, that they should, as part of their work, select and put in place the planks. Thus this became a detail of their work, and under well-settled rules of law the master is not liable for accidents arising from failure to make proper selection. *Fraser v. Red River L. Co., supra; Butler v. Townsend,* 126 N. Y. 105; *Kehoe v. Allen,* 92 Mich. 464; *Ling v. St. P., M. & M. R. Co.* 52 N. W. Rep. (Minn.), 378. The employee who selected the plank and put it in place was a co-employee, within the meaning of the law, though he was not at work at the time the plaintiff was injured. *Butler v. Townsend, supra.*

*By the Court.*— Judgment affirmed.