CLARISSA B. ALLEN, administratrix, *vs.* G. W. AND F. SMITH IRON COMPANY.

Suffolk.   November 20, 1893. — March 1, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Loss of Life — Employers' Liability Act — Defective Appliance — Action.*

While workmen were engaged in raising an iron door which formed half the bottom of a cylindrical furnace, a wooden lever by which one of the workmen was helping to raise the door on its hinges broke, the door swung down and struck an iron lever held by A., another workman, driving it into his body and killing him. In an action under the employers' liability act, St. 1887, c. 270, for causing A.'s death, there was no evidence that the wooden lever was defective except that it broke, and none that it appeared to be defective or could have been discovered to be so.   It had been in use a long time, but was not specially worn at the point of strain.   A. was the person in immediate charge of the furnace.   The employer kept a stock of lumber of the proper size on hand, and A. could have obtained a new lever at any time by asking for it.   *Held,* that the action could not be maintained.

HOLMES, J.   This is an action under the employers' liability act, St. 1887, c. 270, for the death of the plaintiff's intestate. He was killed by the fall of a semicircular iron door, which formed half the bottom of a cylindrical furnace, and which he

was helping to raise and shut. A wooden lever by which a fellow workman was helping to raise the door on its hinges broke, the door swung down and struck an iron lever held by the deceased, and drove it into his abdomen. The question is whether the case should have been taken from the jury. The plaintiff says that there was a case for them on the ground that the defendant failed to furnish a proper lever. We are of opinion that the defendant was entitled to a verdict. In the first place, there is no evidence that the stick was defective except that it broke, and none that it appeared to be defective or could have been discovered to be so. It had been in use for a long time, but was not specially worn at the point of strain. It would not have been permissible for the jury to find that the stick ought to have been known to be defective because of its age alone. In the next place the whole matter was in the hands of the deceased. He was the person in immediate charge of the furnace. If a new stick was needed, it was his business to know it. The primary duty rested on him, not on any superior officer. Again, if a new stick had been needed, it could have been obtained of the carpenter by the deceased at any time. The defendant kept a stock of lumber of the proper size on hand, and the deceased only had to ask for what he wanted. If such a stick can be said to be part of the works or machinery, the defendant's duty to the deceased did not require it to see that he called for a proper one. It was enough that it had proper ones within convenient reach. *Carroll* v. *Western Union Telegraph Co., ante,* 152.                    *Exceptions sustained.*

*R. F. Herrick & G. Cunningham,* for the defendant.

*E. Avery & A. E. Avery,* for the plaintiff.