## FRANK LAMOTTE v. JONATHAN BOYCE.

*Negligence—Injury to employè—Obvious dangers.*

1. There is no obligation upon the part of an employer to make his premises and machinery perfectly safe, or to have the most approved appliances. His duty to provide reasonably safe machinery is qualified by his right to contract for the use of machinery which falls short of the best and most approved; and when the defect is obvious, and cannot escape ordinarily careful observation, which is always due from the employé, the risks attendant upon such use are assumed by the employé.

2. In places like sawmills, appliances more or less crude may reasonably be expected, and employés who use them are ordinarily as good judges of their safety as the employer. If unsafe, and the employé still consents to use them, the risk is his; and the employer has a right to expect that the employé assumes it, where the nature of the appliance, and its

105 MICH.— 35.

105 545
113 478
105 545
120 656
105 545
126 662
105 545
127 207
127 316
105 545
s63NW 517
130 ¹503
105 545
s63NW 517
132 ¹503
132 ¹540
132 ¹577
133 ³163
133 ¹313
105 545
137 ¹308
105 545
142 ¹469
105 545
147 ³465
105 545
154 ¹432

dangers, are obvious; citing *Batterson v. Railway Co.*, 53 Mich. 129; *Ragon v. Railway Co.*, 97 Id. 274.

3. Plaintiff, who was experienced in sawmill work, fell from a ladder in the defendant's sawmill, where he had been engaged for a month or more firing a boiler. The ladder, which was intended as a means of reaching the boiler, consisted of strips of wood nailed upon a wooden post or stanchion, which supported the wall encasing the boiler, and which extended a foot or 18 inches above the brickwork. The sawdust carrier passed over the boiler, and sawdust scattered upon the top of the boiler ignited. Plaintiff testified that the nightwatchman told him to take a broom, hurry up the ladder, and sweep it off; that he took the broom in his right hand, and went up the ladder; that, when he reached the top of the post, he thought it extended further up; that it did not extend up far enough for him to land on the boiler; that it was dark, and he could not see, and that he fell, and was injured. He further testified that he had seen the post, but never noticed how high it was, and that on the occasion of the accident he knew that he had reached the last slat, but was feeling for the post, which he supposed went higher. And it is held:

a—That, had the defendant himself been there, there could have been no occasion for him to caution the plaintiff that the post was short, for that fact was obvious, and the most ordinary familiarity with his surroundings could have apprised plaintiff of it; that it was not the case of a latent or hidden danger, but one which was apparent to the casual observer, and therefore one which the defendant had every reason to believe was known to the plaintiff, and the accident was one for which the defendant should not be held liable.

b—That the fact that the sawdust was allowed to accumulate upon the boiler was not the proximate cause of the injury.

Error to Bay. (Maxwell, J.) Argued May 9, 1895. Decided May 28, 1895.

Negligence case. Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for appellant.

*Pratt, Van Kleeck & Gilbert,* for plaintiff.

HOOKER, J. The plaintiff obtained a judgment for per-

sonal injuries received through a fall from a ladder in the defendant's sawmill, where he had been engaged for a month or more in firing a boiler. The ladder consisted of strips of wood nailed upon a wooden post or stanchion, which supported the wall encasing the boiler, and which extended a foot or 18 inches above the brickwork. It was intended as a means of reaching the top of the boiler. The sawdust carrier passed over the boiler, and sawdust scattered upon the top of the boiler and ignited upon the night in question. The sawdust was swept from the boiler once a week. This was done by the crew in general, and the firemen took part in it. There were three firemen, and it does not appear that the plaintiff had done so. The plaintiff testified that the night watchman, being in charge, discovered fire on the boiler, and told the plaintiff to take a broom, and hurry up the ladder, and sweep it off; so he took the broom in his right hand, and went up the ladder. He says that when he got up to the top of the post he thought it extended further up, but it did not extend up far enough for him to land on the boiler, and it was dark, and he could not see, and fell. The negligence complained of is (1) permitting sawdust to accumulate on the boiler, where it was likely to ignite; (2) failure to provide a safe way to reach the top of the boiler; (3) directing plaintiff to go upon the boiler in the dark, without instructing him that the post was short, and that he would have nothing to support himself above the post, when stepping upon the top of the boiler.

The plaintiff was experienced in sawmill work. He was at work in a separate room, called the "Boiler Room," 30x16 feet in size. To go from the front to the rear of this boiler, it was customary to pass close to the post; and it was of frequent occurrence that the ladder was used, as it was the only means of getting upon the boiler, when the men did not go to the trouble of getting a ladder for the purpose. The plaintiff stated that he had seen the post, but never noticed how high it was, and that on the occasion of the accident he knew that he had

reached the last slat, but was feeling for the post, which he supposed went higher.

There is no obligation upon the part of employers to make their premises and machinery perfectly safe, or to have the most approved appliances. The duty of the employer to provide reasonably safe machinery is qualified by his right to contract for the use of machinery which falls short of the best and most approved; and when the defect is obvious, and cannot escape ordinarily careful observation, which is always due from the employé, the risks attendant upon such use are assumed by the latter. In places like sawmills, appliances more or less crude may reasonably be expected, and those who use them are ordinarily as good judges of their safety as the master. If unsafe, and the employé still consents to use them, the risk is his; and the master has a right to expect that he assumes it, where the nature of the appliance, and its dangers, are obvious. *Batterson v. Railway Co.,* 53 Mich. 129; *Ragon v. Railway Co.,* 97 Id. 274.

The conduct of the business, including the exigency of the fire, made it necessary for the plaintiff to go upon the boiler. He did so without comment, when directed by the watchman, apparently knowing just how to get there. Had the master himself been there, there would have been no occasion for him to caution the plaintiff that the post was short, for it was obvious, and the most ordinary familiarity with his surroundings could have apprised him of it. It was not the case of a latent or hidden danger, but one which was apparent to the casual observer, and therefore one which the employer had every reason to believe was known by the plaintiff, and the accident was one for which the defendant should not be held liable.

The fact that sawdust was allowed to accumulate upon the boiler was not the proximate cause of the injury.

The jury should have been instructed to find a verdict for the defendant.

The judgment will be reversed, and no new trial ordered.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.