SAKOL v. RICKEL.

Master and Servant — Dangerous Machinery — Assumption of
Risk — Contributory Negligence.

> An employé who, in the line of his duty, has frequently oiled a
> revolving shaft at a point within four inches of a set screw,
> although required to enter a dark recess for that purpose, can-
> not recover for injuries received by reason of his clothing
> coming in contact with the screw while he was leaning over
> the shaft, without a light, to perform another service.

Error to Wayne; Donovan, J. Submitted June 10,
1897. Decided June 28, 1897.

Case by Martin Sakol against Henry Rickel for per-
sonal injuries. From a judgment for defendant on ver-
dict directed by the court, plaintiff brings error. Affirmed.

*S. E. Engle,* for appellant.

*Brennan, Donnelly & Van De Mark* and *Bernard B.
Selling,* for appellee.

Montgomery, J. Plaintiff sues for negligent injury.
The defendant is one of the firm of H. W. Rickel & Co.,
engaged in running a malt elevator in the city of Detroit.
The plaintiff was employed in the elevator, which was
separate from the rest of the establishment of defendant.
Louis Kemm was foreman of the entire plant. Whenever
it was necessary to start the machinery in the elevator, it
was also necessary to let the grain into the hopper, and
the starting of the machinery and the running of the
grain in the hopper made up part of the duty of the
plaintiff. The slide by means of which the grain was
permitted to pass into the hopper was in a recess of the
main building of the elevator, and contained at one side
the shafting upon which the main belt ran. The slide

was above the shafting. Upon one end of the shaft there was a collar designed to keep the shaft steady, so that the cogs would match properly, and, to keep the collar on, a set screw was employed. The set screw was right at the entrance to the recess, and was in plain sight, and projected a scant inch. The plaintiff had worked in the little room containing this machinery during the entire winter of 1894-95, and during the fall of 1895, for several weeks, before he was hurt. He testified that, although he had never cleaned the shaft, he was the one who constantly oiled it and set it in motion. Plaintiff testified that he was the only man who worked on the machinery, with the exception of three weeks just before plaintiff was injured; "then there was another man, who mostly kept things clean; that was his work; he did not open the slide nor oil the shaft."

It was claimed by plaintiff that he did not see the set screw, because it turns around the shaft, and sometimes it might be up and sometimes down, and he could not see; that there were dust and oil and sprouts there covering it up; that he oiled the bearings some days once and may be twice a day, sometimes once in two days, as necessity arose; that he generally oiled the machinery while it was running, and in such a case used a lamp; that he used a lamp while it was running, because it was dangerous then; that he oiled the machinery in four places, one of which was three or four inches from the set screw; that he never noticed the set screw, because he never looked for it; that he had nothing to do with it.

The testimony on the trial was to the effect that plaintiff went into the little room while the machinery was running (he having started it himself) without a light, although he knew that it was dangerous to approach the running machinery in the dark. He then mounted the stepladder and leaned over the running machinery. His loose jeans jacket caught in something, supposedly the set screw, and he was wound around the shaft until the belt flew off. The plaintiff offered no proof that there was a

safer manner of holding the collar upon the shaft. The circuit judge directed a verdict for defendant, and plaintiff brings error.

We think there was no error in this ruling. The case is on all fours with *Rooney* v. *Cordage Co.*, 161 Mass. 153. See, also, *Goodnow* v. *Emery Mills*, 146 Mass. 261; *Michigan Central R. Co.* v. *Smithson*, 45 Mich. 212; *Lamotte* v. *Boyce*, 105 Mich. 545.

Judgment affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.