JOHN C. MALONEY *vs.* UNITED STATES RUBBER COMPANY.

Worcester.    October 5, 1897. — October 21, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Assumption of Risk — Negligence.*

If an employee, whose duty it is to assist another employee in baling felting upon a steam belting press, selects, from a lot provided by his employer, several blocks or joists, and hands them to his fellow employee, who places them in position, and then, in sight and with the knowledge of the first named employee, applies the power, and thereafter, while under pressure so applied, one of the blocks, which was old and bent, flies from its place and injures the first named employee, he must be held to have assumed the risk, and an action for his injuries cannot be maintained.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration was at common law. At the trial in the Superior Court before *Gaskill*, J., there was evidence tending to show that at the time of the accident the plaintiff was about thirty-five years of age; that he had worked in a mill of the defendant known as the Lawrence Felting Company for about two weeks before the accident, in which mill was manufactured and packed felting for lining of rubber boots and rubber overshoes; that before that time he had worked in another mill of the defendant for about seven years in making rubber boots, and that about seven years before the accident he had worked for about two years in the Lawrence Felting Company Mill; that he had worked previously on a steam baling press for six months off and on; that he used to put on the blocks with whatever man he was working with, just as he did when he was hurt, and then had the pressure put on to press the bales down; that on the day of the accident the other man was arranging the blocks, and he was picking them up for him, and handing them to him; that he stood near while the other man was arranging the blocks, and he saw the other man apply the power; that there was a room known as the finishing room, in which among other machinery was a power baling press used for pressing together and baling the layers of felting preparatory to being shipped away from the mill; that the press consisted of a stationary base 36 by 42 inches; that at or near the corners of this base were four upright rods, up and down which ran an upper platform or follower of the same dimensions as the base, which was attached to a knuckle-joint press, and to this knuckle-joint press was applied the power; that the total height of the machine was about eight feet, and the distance between the base and follower when it was down, about three feet, and when it was up as high as possible, about six feet; that at the time of the accident the plaintiff, together with another workman, who had charge of the press, was at work piling the goods upon the press; that there was first placed upon the stationary base a wooden platform somewhat larger than the stationary base; that upon this wooden platform was piled the felting which was to be baled to the height of about four feet; that upon the top of the felting so piled was placed another wooden platform similar to the one on which the goods

were piled; that on this wooden platform were placed, first, four pieces of 2 by 6 joists running the narrow way of the machine and laid flatwise, two of these pieces being about three feet long, and the other two about fifteen inches; that above these and at right angles to them, and parallel to the joists first put in position, were placed two other pieces of 2 by 6 joist laid flatwise and about two feet apart; that above these and at right angles to the last described joists, and at right angles also to those first laid, were placed two joists about three feet long and 2 by 6 set upon the narrow or two-inch edge and standing upright six inches and placed about fifteen inches apart; that on the top of these two last mentioned, and at right angles to them, were placed four other pieces of joist laid flatwise, and that to this structure so built up was applied the follower, when the power was attached to the knuckle-joint press above·by the man who piled up the pieces of joists; that he was told by the man working on the press to hand up to him pieces of joist from a pile lying upon the floor, which he did, not taking all there were; that the plaintiff handed to the other man all the pieces used by him for the blocking, and the man piled them as above described, and that after the plaintiff had completed his work he took a needle and stood in front of the press waiting for the bale to be finished, so that he could assist in sewing the burlap and completing the bale; that the power was applied, and after the follower had descended upon the cob-house structure of joists about one foot, a piece of the joist standing upright upon the rear of the press split lengthwise about midway, and the upper part of it, being 2 by 3 inches long, was thrown through a window, and the piece of joist placed parallel with the one which broke struck the plaintiff in the face and threw him to the floor, causing the injuries; that the method of piling the joists upon the top of the bale used at the time of the accident was the way in common use at this mill on this machine; that the piece of joist which split had been in use a long time, and was worn and bent, although not cracked, before the accident, so far as could be seen; and that the machine had been in use less than a year.

The plaintiff, upon cross-examination, when inquired of if he was not a man of ordinary intelligence, said, " I did not know as I was; I do not know about that; I might have been."   The

plaintiff admitted that his name was signed to an instrument, of which the following is a copy : " Received from Lawrence Felting Company Thirty-seven Dollars and Fifty cents ($37.50) in full settlement of all demands to date from the United States Rubber Company, a corporation chartered under the laws of New Jersey, for injury received at their factory known as the Lawrence Felting Co., Millville, Mass."

The plaintiff testified that after he came out of the hospital the defendant's superintendent told him to go into the office and get his pay, and that they should not pay him any more ; that prior to this time, since the accident, his pay envelope had been made out as usual and given to his wife regularly, and that pay for four weeks at the rate of $7.50 per week had been paid in this way before the paper was signed ; that when the paper was signed $7.50 was paid him, making $37.50 received by him in all since the accident; that he supposed that he was signing the receipt for his pay, as this was the last pay he was to get from the company unless he went to work for it again ; that he signed the paper without knowing what it was ; and that he could read and write only in a very poor manner.

At the conclusion of the evidence for the plaintiff, the judge, at the defendant's request, directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

*H. Parker & C. C. Milton*, for the defendant.

HOLMES, J. There can be no pretence that the plaintiff had not taken the risk of the general mode of using the baling machine. His ground of recovery, if any, must be that which was most relied on by his counsel, namely, that an unsuitable joist was furnished to him, which was unsafe when subjected to the high pressure which it had to undergo. But the plaintiff took his choice from a pile lying before him. If there were any defects in the one which he selected, he could see them as well as anybody, and might have taken another. The only defects visible to any one were that the joist was old and bent. *Allen* v. *Smith Iron Co.* 160 Mass. 557.

It is unnecessary to consider whether the evidence with regard to the manner in which the parol receipt was signed would not have warranted going behind the conclusion which it seemed to

establish, that the thirty-seven and a half dollars mentioned in it was received in satisfaction of the plaintiff's supposed claim. See *Curley* v. *Harris*, 11 Allen, 112, 121, 122; *O'Donnell* v. *Clinton*, 145 Mass. 461, 463.          *Exceptions overruled.*