PILUCKI *v.* DETROIT STEEL & SPRING WORKS.

INJURY TO EMPLOYÉ—LIABILITY OF MASTER.

> Plaintiff, while employed about defendant's yard, was struck by a brick which fell, presumably, from the top of a chimney which had been injured in a fire a few weeks previously. The chimney was cased with iron and lined with fire brick. No bricks were visible to any one at the top of the chimney, and no one knew that any were loose or in danger of falling. Plaintiff had all the knowledge of the danger that any one possessed. *Held*, that he had no cause of action.

| 117 | 111 |
|-----|-----|
| 120 | 656 |
| 117 | 111 |
| 123 | 257 |
| 117 | 111 |
| 125 | 352 |
| 117 | 111 |
| s75ᴺᵂ | 295 |
| 132 | 503 |
| 117 | 111 |
| 146 | 90 |
| 117 | 111 |
| 149 | 477 |

Error to Wayne; Frazer, J. Submitted April 20, 1898. Decided May 17, 1898.

Case by Jacob Pilucki against the Detroit Steel & Spring Works for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*James D. May* and *E. J. Jeffries* (*Henry M. Cheever*, of counsel), for appellant.

*Wells, Angell, Boynton & McMillan*, for appellee.

MOORE, J. In June, 1896, plaintiff commenced this suit to recover damages for injuries received by him in July, 1890. The circuit judge directed a verdict for the

defendant. Plaintiff brings the case here by writ of error.

Plaintiff had been in the employ of defendant for some years. A few weeks before the accident, the workshops of defendant were destroyed by fire. The upper part of a tall chimney, cased with iron and lined with fire brick, fell over, leaving 20 or 30 feet standing. The plaintiff was employed about the yard, gathering scrap iron, when he was requested by the foreman to bring a ladder to where the foreman was at the gas generator, which was a brick structure near the chimney, and against which a ladder was standing. The plaintiff procured a ladder, and, going part of the way up the ladder which was leaning against the gas generator, attempted to hand the one he had brought to the foreman, when a brick fell, presumably from the top of the chimney, and struck him on the head and in the face. The witnesses are all agreed that no bricks were visible to any one at the top of the chimney, or that any one knew any of them were loose or in danger of falling. There is nothing to indicate that plaintiff did not have all the knowledge of any danger that any one possessed. Without going into the testimony in detail, it is sufficient to say that the record does not disclose a cause of action on the part of the plaintiff against the defendant.

Judgment is affirmed.

The other Justices concurred.