PERLICK *v.* DETROIT WOODEN-WARE CO.

Master and Servant—Dangerous Machinery—Contributory Negligence.

A servant who, with knowledge of a dangerous machine, unnecessarily places a stepladder in close proximity thereto while discharging his duties as oiler, and unconsciously places his hand on the machine, is guilty of contributory negligence, precluding a recovery for the resulting injury.

Error to Wayne; Donovan, J. Submitted January 5, 1899. Decided February 6, 1899.

Case by Otto Perlick against the Detroit Wooden-Ware Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Moore & Moore*, for appellant.

*William Look* and *Ira G. Humphrey*, for appellee.

LONG, J. This action was brought to recover damages for injuries received by plaintiff in defendant's factory. It appears that plaintiff entered defendant's employ in October, 1892, and continued there until June 29, 1893, when he was injured. For a month or more before the injury, his work consisted in oiling the shafting in the factory and handling lumber. He usually commenced oiling about 7 o'clock in the morning, and it took him about three hours. The rest of the day he was engaged in taking lumber to and from the planer. The shafting he oiled was situate on three different floors. On each of these floors were buzz-saws, re-saws, edgers, turning lathes, and various other rapidly revolving machinery used in wooden-ware manufacturing; and the plaintiff passed along the entire line of this machinery, on all three of these different floors, every day, in performing his duties as an oiler. In May or June, 1893, the defendant purchased, and erected on a brick foundation, a new re-saw. It consisted of two wheels, each 4½ feet in diameter, one set directly over the other, and 21 inches apart at their nearest point. The whole, when erected, was 10 feet in height; and over the wheels a band-saw, about one foot wide and 27 feet long, revolved at the rate of 100 revolutions a minute. The top wheel had a hub, with several spokes and a rim, and made more or less noise. The machine was received about June 9th, and the erection began at once, and was completed and the machine put in operation about June 17th. The plaintiff, in going and coming from his work, passed, every day, on one side or the other of this machine. He walked around it, every day, in performing his duty as an oiler. He testified that he looked

at the machine, but did not know what kind of machine it was. The planer, from which the plaintiff took the lumber, and where he worked more than half his time, was about 30 feet from this new re-saw. The re-saw was between the planer and the windows, and plain to be seen. On June 29th, plaintiff began oiling at about 7 o'clock. It was broad daylight. His eyesight was good, and he was a man of ordinary intelligence, about 32 years of age. After he had oiled a few boxes, his attention was called to the fact that an oil-box was smoking, and he went to oil that. He placed his stepladder under the box he was intending to oil, and, stepping up, put out his hand, intending to put it against a dust-box that stood practically between him and the band-saw; but, without looking to see where he was placing his hand, he placed it in front of the dust-box, and against the saw, and was injured.

The defendant asked the court to charge the jury that, under the evidence in the case, the plaintiff could not recover. This was refused, and the court submitted the case to the jury, who returned a verdict in favor of plaintiff.

The court was in error in not directing the verdict in favor of defendant. The plaintiff was in the discharge of his duties as an oiler. He knew, or was chargeable with notice, that the band-saw was there. He had worked there continually while it was being put in place. The saw was not dangerously near the place where he was called to do the oiling. It was more than three feet from there, and, in oiling, he was not required to get within three feet of it. It appears that he could have put his stepladder at least four feet from the saw, and yet reach the box to be oiled. If he had exercised the least care, he would not have put his hand near the saw. The case is ruled by *Sakol* v. *Rickel*, 113 Mich. 476.

The judgment must be reversed, and new trial granted.

The other Justices concurred.