## Joy Morton & Co. v. John Zwierzykowski.

1. MASTER AND SERVANT—*Duty of the Master to See that Appliances Are Reasonably Safe.*—It is the duty of the master to see, and exercise reasonable care to see, that tools, appliances and machinery are reasonably safe for the uses to which they are to be put; and employes using them can not be held guilty of contributory negligence if they fail to examine them.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

Statement.—This is a suit to recover for personal injuries. Appellee was employed in helping to unload a cargo of coarse granulated salt from the hold of a vessel, where it had been loaded in bulk. The salt was in process of transfer from the vessel to the deck house of appellant. The apparatus employed consisted of buckets and hoisting apparatus. The rope attached to the buckets ran from a drum, around which it was coiled, over a projecting arm extending over the boat, so that the bucket was dropped vertically into the hold. When the buckets descended, they were filled by the men stationed there for the purpose. When filled, the bucket was hoisted out and swung over to the dock house, where its contents were dumped into a hopper. These buckets are made of sheet iron, heavy and substantial, with wheels upon the bottoms to facilitate moving them. The wheels are of iron, and revolve upon an iron pin extending through a hole in the center.

At the time of the accident appellee was standing in the hold of the vessel holding a bucket, tipped over somewhat, so that his companions could more readily shovel in the salt. While so standing, his hand upon the bucket, a wheel fell from another bucket which was being raised or lowered the other side of the keelson of the vessel, for a separate gang of men, and, striking upon the ledge of the hatch, bounded in under the deck. It struck the back of appellee's left hand, which rested upon the bucket. This wheel was

Joy Morton & Co. v. Zwierzykowski.

of solid iron, about four inches in diameter and about two inches thick. Appellee was injured, suffering a fracture of the metacarpal bones of the second and third fingers of his hand, the flesh of which was also bruised. The testimony is conflicting as to whether the fall of the wheel was caused by reason of the bucket, to which it was attached, striking against the ledge of the hatch.

Appellee seeks to recover upon the alleged ground that appellants had failed to keep the bucket from which the wheel fell, in safe condition and repair, and that the injury was caused by negligence in this respect.

Judgment against appellants was rendered in the Superior Court, from which this appeal is prosecuted.

Lee & Hay, attorneys for appellants; John A. Post, of counsel.

Francis J. Woolley, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

It is contended, in behalf of appellants, that it was not their duty to show that the bucket from which the wheel fell was in safe repair and the wheel securely fastened thereto, because there was an extra bucket constantly on hand for use when any one of the others was out of repair or unsafe. It is said that six buckets were all that were used at any one time, and that a seventh bucket was kept there for the express purpose of being used when any of the others was out of repair. It is urged the master had performed his full duty in furnishing his servants with proper appliances for doing their work when he thus provided an extra bucket to replace any which should get out of order; and that, as the only negligence charged in the declaration is the alleged failure of the master in this respect, there can be no recovery against appellants. It appears that appellee, with nine other men, was at work in the hold of the vessel, and the engineer, operating the hoisting apparatus, was attending to his work upon the roof of the deck house. It is argued that this gang of men or some of them

put the hoisting apparatus into operation and selected the buckets with which to do the work; that, if they took a bucket which was out of order, it was their own fault or negligence, and no failure of duty can be attributed to the master.

In support of the views thus advanced, appellants' counsel cite a number of cases.    In the case of Cregan v. Marston, 126 N. Y. 568, the plaintiff's intestate was killed while loading coal into buckets which were raised from the hold of a vessel by the aid of a derrick, by reason of the breaking of a rope used in hoisting.    The defendants had done their full duty in the selection and supply of plenty of new ropes ready for use in case any rope became so worn as to be unsafe, and any of the workmen could obtain such new rope on application.    It was held that it was the duty of the workmen to note the condition of the rope and change it when it became unsafe and that the master was not liable.    The cases of Van Den Heuvel v. Nat. F. Co., 84 Wis. 636; Kaare v. Troy S. Co., 139 N. Y. 369; Prescott v. Ball E. Co., 176 Pa. State, 459; Webber v. Piper, 109 N. Y. 496; Kehoe v. Allen, 92 Mich. 464, are likewise cited as supporting the same conclusion.

With the doctrine as stated in Cregan v. Marston we have no controversy.    Its applicability to the facts in the present case is a different matter.    There was evidence tending to show that the wheel fell, because the head of the bolt upon which it turned was worn off, and that the bolt had been loose for two weeks before the accident; that the attention of the engineer and foreman had been called to defects in this bucket; and that it was sent to the blacksmith for repairs and came back with a patch on the bucket, but with the pin still in bad order.    The engineer testified that he had repaired the bucket and put in a new pin, and that this new pin was broken by striking the edge of the hatch.    But the conflict in the testimony was a matter for the jury and they were justified in concluding from the evidence that the old and defective pin had not been replaced.

It is apparent that it was not within the province of appellee, or those working with him in the same gang of

three, to replace the defective pin. Neither, apparently, did they have the opportunity of knowing what the condition of the buckets which were used by the men in the other two gangs might be. There is testimony tending to show that when the buckets were not in use they were kept on the roof of the dock house near the engine, and "the engineer was the one who put these buckets on the rope when they were let down into the hold of the boat." Each gang of three men had the opportunity of knowing the condition of his own bucket, but not that of the buckets used by the other gangs. It was not, however, the negligence of his fellow-laborers in the other gang that caused appellee's injuries, but if the evidence to that effect is to be believed, it was the negligence of the foreman and engineer in failing to have a new pin or bolt put in the wheel, and allowing it to be used when in defective condition. If it was the engineer who selected the buckets and lowered them for the use of the men, it was not their own fault or negligence that caused the defective bucket to be employed; and it appears from testimony of appellants' witnesses that it was the engineer's business to make such repairs. The defective pin and the bucket to which it belonged were not under appellee's control. As is said in C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 458 (463), "he was not and could not be responsible for the defect, nor could he be held guilty of contributory negligence in failing to examine " them. It is the duty of the master to exercise reasonable care to see that tools, appliances and machinery are reasonably safe (M. & O. R. R. Co. v. Godfrey, 155 Ill. 78 (82), and the jury were so instructed. By their verdict they have found that appellants failed to perform that duty in the present case, and we find no sufficient reason to interfere with their conclusion.

We can not say that the verdict is excessive. The Superior Court required a remittitur, and the amount so deducted amply covered the fourteen weeks' wages which appellants continued to pay after the injury. The judgment of the Superior Court must be affirmed.