### CRONIN v. RUSSEL WHEEL & FOUNDRY CO.

1. MASTER AND SERVANT — PERSONAL INJURY — ASSUMPTION OF RISK.

    Where an experienced workman, familiar with the work, while engaged in constructing a hoisting apparatus for unloading coal from a vessel, fell from a platform which he had assisted in building, the danger of working in the place, if any, was as apparent to him as to any one, and the risk, if any, was assumed by him.

2. SAME—SAFE APPLIANCES.

    Where an experienced workman, familiar with ropes and their uses, selects, from a pile of ropes at hand, one which breaks and causes him to fall, the master is not liable.

Error to Wayne; Donovan, J. Submitted January 15, 1903. (Docket No. 51.) Decided March 23, 1903.

Case by George Cronin against the Russel Wheel & Foundry Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*James H. Pound*, for appellant.

*Edwin F. Conely* and *Orla B. Taylor*, for appellee.

MOORE, J. This is an action brought by the plaintiff against the defendant · for damages sustained by him, claimed to be caused by being furnished an unsafe instrument with which to work in a dangerous place. The trial court directed a verdict for defendant. The sole question is whether it should have been submitted to the jury.

The defendant company was engaged in constructing for the Detroit Gas Works an apparatus for hoisting coal out of vessels at the dock and unloading it. The plaintiff had been in the employ of defendant for two months before he was injured. He had worked for it prior to his last employment. He had done work of a like character for a long time. He had, according to his own testimony, assisted in the erection of buildings where structural ironwork was used. He had assisted in hoisting ironwork up and down with blocks and tackle; had helped to put the iron in place; had pulled on the rope running through the tackle-block; had helped to bolt the ironwork together; had done anything that was necessary, from helping lift the various iron pieces from the ground to putting them into their places in the permanent structure. He had occasion, while pursuing his work, to frequently go upon platforms, both permanent and temporary. He had frequently been called upon to use tackle-blocks, pulleys, and ropes. In pursuing his work he was employed in the construction of high buildings like the Majestic Building, the Leonard & Carter Building, the Masonic Temple, and the Union Trust Building.

At the time of the injury to plaintiff, Mr. Burns, who had charge of the plaintiff, and two others, went up to a

platform that was 20 or 30 feet from the ground, supported upon timbers 10 or 12 inches square. In doing the work it became necessary to draw a wire rope or cable, over which the cars which were to convey the coal would pass, so it would be taut. There were upon the platform quite a number of ropes,—the plaintiff testified, six or seven kinds. He selected from the number a rope three-quarters of an inch to an inch in diameter, which, by the direction of Mr. Burns, was passed by the plaintiff around the end of a 2-inch plank, which was 10 to 14 inches wide, and 16 or 18 feet long. Mr. Burns did the same thing at the other end, and the plank was lowered below the platform,'the ends resting upon cross-pieces fastened to the timbers supporting the upper platform, making a temporary platform of the plank, it being held in place by its own weight. The rope used by Mr. Cronin was dropped upon the platform, but was soon handed to him by Mr. Burns, and by his direction was thrown by plaintiff three times around a truss attached to the timbers that supported the platform, and tied with a square knot. Plaintiff then put a hook attached to a tackle-block over two turns of the rope he had attached to the truss. The other hook of the block and tackle was attached near the end of the wire cable which was to be tightened. Mr. Burns and the plaintiff stood upon the plank they had lowered from the platform, and the other two men on the upper platform. When the hooks were attached as described above, all the men pulled upon the rope passing through the tackle-block, pulling the wire cable taut. Mr. Burns, in addition to pulling upon the rope, took up the slack. Finally, in the effort to tighten the wire cable, the rope which was put around the truss by the plaintiff broke, and he was precipitated to the ground, and injured severely.

Was the defendant liable because of the condition of the temporary platform? There was no evidence it was not the kind of a platform usual for work to be done under such conditions. The plaintiff was familiar with the kind of work he was to do. He helped to build the platform.

If there was any danger in working upon it, the danger was as apparent to him as to any one, and the risk, if any, was assumed by him. *Manning* v. *Railway Co.*, 105 Mich. 260 (63 N. W. 312); *Lamotte* v. *Boyce*, 105 Mich. 545 (63 N. W. 517); *Findlay* v. *Foundry Co.*, 108 Mich. 286 (66 N. W. 50); *Sakol* v. *Rickel*, 113 Mich. 476 (71 N. W. 833); *Soderstrom* v. *Lumber Co.*, 114 Mich. 83 (72 N. W. 13); *Pilucki* v. *Spring Works*, 117 Mich. 111 (75 N. W. 295); *Juchatz* v. *Alkali Co.*, 120 Mich. 654 (79 N. W. 907); *Rohrabacher* v. *Woodard*, 124 Mich. 125 (82 N. W. 797), and the cases there cited.

Is there liability because the rope broke? The rope was taken out of a pile of ropes immediately at hand, by the plaintiff himself, according to his testimony, and according to all of the testimony in his immediate presence. He knew for what purpose the rope was to be used. He was familiar with ropes and their uses. Under such circumstances it has been repeatedly held the master is not liable. *Allen* v. *Iron Co.*, 160 Mass. 557 (36 N. E. 581); *Maloney* v. *Rubber Co.*, 169 Mass. 347 (47 N. E. 1012); *Rawley* v. *Colliau*, 90 Mich. 31 (51 N. W. 350); *Kehoe* v. *Allen*, 92 Mich. 464 (52 N. W. 740, 31 Am. St. Rep. 608); *Thomas* v. *Railroad Co.*, 114 Mich. 59 ( 72 N. W. 40).

Judgment is affirmed.

The other Justices concurred.