## LOCKWOOD *v.* TENNANT.

137   305
f153  ¹ 35

137    305
f156  ¹479

1. MASTER AND SERVANT — INJURIES TO SERVANT — FELLOW-SER
VANTS.
    If, without fault on his part, an employé is injured, he may
    recover against the master who is negligent, even though the
    negligence of a fellow-servant contribute to the injury.

2. SAME—APPLIANCES AND PLACES TO WORK—SAFETY — MASTER'S
DUTY.
    The master is not obliged to make his premises perfectly safe,
    and furnish the best material, but his duty is discharged if
    he make the premises reasonably safe.

3. SAME—DEFECTIVE SCAFFOLD MATERIAL.
    The furnishing by a master of inch instead of two inch planks
    for a scaffold is not of itself negligent, where enough are furnished, and the scaffold may be made reasonably safe by
    doubling them.

4. SAME—SUBSTITUTING NEW MATERIAL—MASTER'S DUTY.
    Where, on complaint being made, the master orders such material as is on hand for scaffolding to be used until suitable
    material can be procured, and afterwards furnishes suitable
    material, he is not obliged to specifically order its substitution in order to relieve himself of liability.

Error to Saginaw; Beach, J. Submitted January 5,
1904. (Docket No. 4). Decided July 27, 1904.

Case by Mary A. Lockwood, administratrix of the estate
of Charles W. Lockwood, deceased, against James H.
Tennant for the negligent killing of plaintiff's intestate.
There was judgment for defendant, and plaintiff brings
error. Affirmed.

*Weadock & Purcell*, for appellant.

*Keena & Lightner*, for appellee.

MOORE, C. J. The plaintiff sues as the administratrix
of the estate of Charles W. Lockwood, her husband, who

died from injuries received as a result of a fall from a high scaffold while in the employ of defendant, who had a contract to do the mason work on a large building to be used as a beet sugar factory. The case was tried by a jury, who returned a verdict in favor of defendant. The case is brought here by writ of error.

Upon the day of the accident, several hundred men were at work building scaffolds, and tearing down others, placing steam pipes and machinery, building walls, and many other things incidental to the construction of a large manufacturing plant. It was the claim of plaintiff that her intestate had been employed for about 11 days prior to the accident in and about the beet sheds and boiler room, as a common laborer. That up to a few hours prior to the accident, he had never been upon the scaffolds or runways in the building, and had no experience in that sort of work; that, in pursuit of his work, he had occasion to go from a higher platform to a lower runway, made of two planks, two inches thick, and an inch board; that the board broke, and Mr. Lockwood received injuries which resulted in his death; that the inch boards were unsuitable for the purpose for which they were used; that the defendant directed their use with full knowledge of the danger; that sufficient two-inch planks, suitable for such purpose, were not provided at the time of the construction of this runway. This defendant denies, and maintains that after the construction of the runway, and before the accident, sufficient two-inch planks were at hand, which could have been utilized in replacing the inch boards referred to. He also claims that, if the boards which were at hand had been properly used, the board would not have broken. Defendant also claims that no part of the runway broke, but that plaintiff stepped outside of the runway and fell.

The plaintiff's claim as to the direction of the master to use the boards, and his knowledge of their unsuitability, is based upon the following testimony:

"I says, 'Mr. Tennant, we ought to have some plank here,' I says, 'to use instead of these boards.' 'Well,' he

said, 'we will get a car load,' he said; 'they will be here in a couple more days.' Well, in a couple of days they hadn't come, and then I spoke to him again, and then they got a couple of wagon loads from some mill.

"*Q.* Was that sufficient to go on constructing the scaffold?

"*A.* No; wasn't enough.

"*Q.* Did you have any subsequent conversation in reference to it?

"*A.* Yes, sir.

"*Q.* To the one-inch boards?

"*A.* Yes; I did.

"*Q.* How long was that before Mr. Lockwood's death?

"*A.* I should say about a month.

"*Q.* What did he say to you then?

"*A.* He said he would get some more plank.

"*Q.* What did you say to him about the insufficiency?

"*A.* I went to see him, and I said: 'There isn't plank enough. We have got to use these boards, and they're liable to break.' And he said to use them until we got some plank.

"*Q.* What did you say, if anything, about men likely to be injured on these boards?

"*A.* I said the boards were liable to break through, and he said the boards would hold."

No assignments of error are made upon the introduction or rejection of evidence. They all relate to the charge of the court, and to his failure to charge as requested.

The plaintiff claims the master must use due care in furnishing proper materials, and whether he did so is a question for the jury, under proper instructions; citing many cases. This claim is conceded by defendant, but he insists, *first*, that, under plaintiff's own showing, defendant met this requirement, and a verdict should have been directed in his favor; and, *second*, that, conceding there was a question for the jury, it was properly submitted to them. It is not necessary to decide whether a verdict should have been directed for defendant, as the judge submitted the case to the jury.

Complaint is made of the following and other portions of the charge of a similar nature:

" If you are satisfied from the evidence in this case that inch boards could have been used in constructing the runway, and the same would have been safe and proper, and Albright and the others failed to place two boards where they only placed one, then, if you find that it would have been safe to construct the runway in this way, and they failed to do it, then the plaintiff cannot recover. This is a question of fact for you to consider with the rest of the testimony in saying whether it is sufficient or not."

It is urged that this is, in effect, saying that, though the master supply unsuitable and defective material, he may be relieved of liability if, by some other manner of use than the usual way of using suitable material, the unsuitable material may be made safe.

It is claimed by the plaintiff, and it may be conceded, that it has been repeatedly held in this State that if, without fault on his part, an employé is injured, he may recover against the master who is negligent, even though the negligence of a fellow-servant contribute to the injury. See *Hunn* v. *Railroad Co.*, 78 Mich. 513 (44 N. W. 502, 7 L. R. A. 500), and the many cases there cited. See, also, *McDonald* v. *Railroad Co.*, 108 Mich. 7 (65 N. W. 597), and cases cited therein; *Cone* v. *Railroad Co.*, 81 N. Y. 206 (37 Am. Rep. 491). We think, however, this is not a case for the application of that doctrine. It has been repeatedly held that the master is not obliged to make his premises perfectly safe and furnish the best material, but his duty is discharged if he make the premises reasonably safe. *Ragon* v. *Railway Co.*, 97 Mich. 265 (56 N. W. 612, 37 Am. St. Rep. 336); *Lamotte* v. *Boyce*, 105 Mich. 548 (63 N. W. 517). While we all understand that two-inch planks are better material for the erection of such scaffolds as were used here, we do not think it can be said that if, by the use of two or more boards in the place of one plank, the scaffold would be made reasonably safe, still there would be liability on the part of the employer.

After the jury had been out for a time, it came in, and several inquiries were made of the judge. Some of his

answers have been covered by what we have already said. It was the claim of defendant that on the morning of the day of the accident there were plenty of planks on hand and unused. A juror inquired if it was the duty of the contractor to replace the boards with planks, and the judge said:

"In that view of the case, it is the duty of the parties to use the material that they had, and, if Mr. Albright and the other men there constructing the platform failed to use the plank that they had then in constructing this platform after it was constructed with boards, and they knew that fact, that it was constructed with boards, and they failed to use the planks they had on hand on the day of the accident, or just before the accident, when they could have used them, then the contractor is not liable."

This is said to be error. The only witness who testified that the alter ego directed the use of the boards stated that he was told "to use them until we got some plank." This being so, we think the judge was right in his answer to the question of the juror.

Judgment is affirmed.

The other Justices concurred.