JOHN BATTERSON v. CHICAGO & GRAND TRUNK RY CO.

*Liabilities of consolidated railway companies—Injury to employees—Side-tracks.*

1. The "debts, liabilities and duties" of a railroad company, including their liability for injuries, attach to any company in which they are merged by consolidation. How. Stat. § 3344.

2. The responsibility of a railroad company to its employees for the condition of its road is less strict than it would be to strangers; and an accident to an employee, involving no liability, might, if it happened to another person cause an actionable injury.

3. Railroad employees are presumed to be aware and to take the risk of dangers from such conditions and defects in the construction of a side track as would be open to observation; and they are also expected to use reasonable care in examining their surroundings.

| 53 | 125 |
|----|-----|
| 67 | 73 |
| 67 | 638 |
| 53 | 125 |
| 68 | 141 |
| 53 | 125 |
| 76 | 404 |
| 53 | 125 |
| 89 | 178 |
| 53 | 125 |
| 97 | 270 |
| 53 | 125 |
| 105 | 266 |
| 105 | 548 |
| 53 | 125 |
| j122 | 193 |
| 53 | 125 |
| 127 | 206 |
| 53 | 125 |
| s18ⁿᵂ | 584 |
| 133 | ³568 |
| 53 | 125 |
| 134 | ³582 |
| 53 | 125 |
| 140 | 6 |

Error to Ingham. (Gridley, J.)   Feb. 6.—March 6.

CASE. Defendant brings error. Reversed.

*M. V. Montgomery* for appellant.

*Conely, Maybury & Lucking* for appellee.

CAMPBELL, J. This action was brought by a brakeman who had been employed by the Northwestern & Grand Trunk Railroad Company from November, 1879, till Janu-

ary, 1880, on the line between Battle Creek and Flint, for an injury received while coupling cars at Hamilton station, on the morning of January 2, 1880. The present defendant is a company formed by consolidating that road with others in April, 1880. The same case was before us in 1882, and decided at the October term of that year, as reported in 49 Mich. 184.

The accident happened about daybreak. The train on which plaintiff was employed stopped at Hamilton, going west from Flint, and the engine was backed from the west end of a side track to pick up a car standing on the side track. This side track was laid about thirty feet southward from the main track, to be convenient to an elevator, and was not ballasted. At the place where the accident happened it crossed the upper part of a pond-hole, which was there eight or ten feet wide, and extended some distance southward at a width of several rods, the ties at that place being blocked up several inches. The car to be taken stood with its end over this spot, and before the engine backed very near, plaintiff went to the place and attempted to remove the link, so as to make the coupling with the link in the moving car. In doing so he stood on the ties, and at that time he saw they were not ballasted, but claims he made no particular examination, but stood on the ties because he thought it safer. Finding the link too fast to remove, he went back to the approaching car attached to the engine, which was about twenty-five feet off and moving slowly, and took out the link from that, and walked back, carrying that link in his left hand and his lantern on his left arm. As the cars came near together he put his left hand on the corner of the stationary car and leaned over, when his fingers slipped off and he fell forward. His foot went into the hole between the ties, and his right hand caught the link, which was hit by the draw-head of the approaching car and drawn into the opening so as to crush the hand. At this time the ground was lightly frozen, and the water in the pond skimmed over with ice, with a thin coating of snow which had recently fallen.

The negligence which plaintiff complains of is the failure

of the company to grade and ballast the side track at that place, so as to give a solid surface. The questions raised relate chiefly to the responsibility of the defendant, the negligence of defendant's predecessor, and the duty of plaintiff to take proper care himself.

Upon the former hearing the case made by the proofs was held fatally variant from the declaration, which was regarded as charging the defendant with allowing a deep hole or rut to remain in its main track. It was our opinion that the duties relating to the main and side tracks were not the same, and that the difference was important. It was also held that such an open and obvious break in the surface of the ground could not be regarded as involving the same duty in an employer towards his men, as one which was known to him but not likely to be known to them. The other matters then considered are not now in the record. Having reversed the judgment on these grounds, the case went back to the circuit, where the plaintiff was allowed to recast his declaration. No point is now made on the pleadings.

In our opinion the consolidation, which we assume to have been regular, made the defendant liable to the same extent as its predecessor, under whose employment plaintiff was at the time of the accident. This seems to be enacted by section 30 [of Article II] of the Railroad Act [How. Stat. § 3344], which makes the new company subject to all "debts, liabilities, and duties," as if "originally incurred by it."

The question of contributory negligence hardly comes up on this record as a matter of law. Plaintiff's conduct in attempting to hold on to the stationary car with his left hand and arm, hampered by a coupling link and lantern, was certainly open to comment, as well as his failure to examine the ground more closely, but it is not at all clear that his slipping over should be regarded as anything more than accidental. We are not prepared to say that as matter of law we are bound to hold he was culpably negligent.

But on the other hand it is not true, as is sometimes imagined, that as between employers and persons in their employ, all mishaps arising from lack of perfect condition

of all their appliances and premises are taken out of the category of accidents. Towards some persons and under some circumstances, injuries are legally held accidental and not actionable, when as to others differently situated a much more extended duty exists, and liability is imposed when there is no actual wrong involving moral culpability. The question here arises upon this distinction.

The track in question formed no part of the main track, and remained, as the proofs all show, in the same condition as when built, before the Northwestern & Grand Trunk Company came into possession of it, before plaintiff entered their employ. The basin or depression was one of large size and not artificial. The persons who built the road across the corner of it did not attempt to fill it up, but laid the track as would be done in any other case where carried over a wet swale, and it was treated by every one as requiring no change. It is matter of every-day experience that similar openings for ditches or other depressions are very common, and that it would not always be proper to close them. In the present case there is no evidence of allowing what was once finished up, and made apparently perfect, to become defective and dangerous because so changed. If any fault existed here it was a fault of construction, which was as blameworthy the day the track was first put in use as at any time afterwards. And as its nature was patent to any ordinary observer under ordinary circumstances, no considerable time could be allowed to any new tenant for removing the defect.

In our opinion the case comes within the same principle with *Michigan Central Railroad Co. v. Austin* 40 Mich. 247, where a switchman, while standing on the foot-board of a tender on a side track, was shaken off, while shifting hands, by a defect in the track, and hurt.

It was held in that case that a railroad company owed no duty to its employees to make its side tracks perfect, and that the risk of such imperfections was one of the risks of the business. It is not shown or claimed that this track was unsafe for any of the ordinary uses of side tracks, and the accident did not arise from any such defect. The lay of the

land was such as to be readily seen by any one who passed along the track at ordinary times. The plaintiff knew that the road-bed there was not ballasted, and was bound to know that there might be irregularities of surface anywhere. The chances of such an accident were not such as to suggest danger as very likely. There was, of course, a probability that cars might have to be coupled at one place as well as another, and sometimes when there was not much daylight. But the company had a right to expect that every brakeman would use reasonable care in examining his footing and surroundings, and we think that they cannot be regarded as at fault for not guarding against an occurrence which was as likely to happen in any place where the ground was uneven, and to completely insure against which would require a side track to be as expensively built as a main track. Their duty to plaintiff was not to see that he actually did know what the exact condition was at this point. They had a right to rest on the probability that any one would know what was generally to be seen by his own observation, or by information from those who were on the spot working with him, and who might fairly be expected to do their duty.

There is much reason to regard the accident, from plaintiff's own testimony, as the immediate consequence of his hand slipping from the car, and of nothing else. But we place no stress upon this, because we do not think any case is made out of a violation of duty to plaintiff on the part of his employers. The case should not have gone to the jury.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.