CASE 82—PETITION ORDINARY—FEBRUARY 6.

## Alexander v. Lou. & Nash. R. R. Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. A CONDUCTOR ON A RAILROAD TRAIN CAN NOT RECOVER against the company for an injury resulting from his own confessed want of experience and skill. The fact that the company employed him

with knowledge of his want of experience will not enable him to recover, although it would preclude the company from recovering against him for an injury to itself resulting from his want of experience.

2. It is the duty of the conductor of a railrod train, before moving his train, to know that each car is in proper running condition, and if he fails to make an inspection, and is injured by reason of a defect that might have been discovered by the exercise of ordinary diligence, he can not recover.

In this case the printed rules of the company required each conductor, before moving a train, to inform himself of the condition of the cars composing it. The conductor failed to do so, and was injured by reason of defective brakes. *Held*—That he can not recover.

3. Ignorance of Company's Rules.—The fact that the conductor was not furnished with a copy of the printed rules of the company, and was ignorant of their existence, did not constitute a sufficient reason for rejecting them as evidence. It was his duty to acquaint himself with those rules, which he might have done by the use of ordinary diligence.

4. The violation by a conductor of a rule of the company forbidding a "running switch" does not preclude him from recovering against the company for an injury received in making such a switch, it appearing that this was the only practicable way of putting cars on the particular switch, and that it had been so habitually resorted to as to raise the presumption that the company was aware of and approved it.

EMMET FIELD for appellant.

1. If in an action by an employee of a railroad company to recover for injuries sustained in the course of his employment, the company admits negligence, but relies upon the negligence of plaintiff as a defense, there can be no judgment rendered for the defendant unless the jury find the plaintiff guilty of the contributory negligence alleged. If such alleged contributory negligence consisted in a disobedience of the company's rules, a printed copy of the rules can not be admitted in evidence when it is proved that the plaintiff was ignorant of the existence of the rules. (Wood on Master and Servant, 187.)

2. The question for the jury is not an abstract question of negligence in general, but whether, in each case, the plaintiff was guilty of the contributory negligence alleged

3. An employer engaging the services of a person known to be inexperienced, can not demand of him the skill exercised by one accustomed to such employment, but only the prudent exercise of such

skill as he himself possesses. (Southern Wheel and Handle Co. v. Moorman, 6 Ky. Law Rep., 366; Wood on Master and Servant, 801.)

4. It is the duty of the company to notify inexperienced employees of the dangers incident to the employment. (Wood on Master and Servant, 714; R. R. Co. v. Fort, 17 Wal., 554; Coomes v. Cordage Co., 100 Mass., 23; Parkhurst v. Johnson, 50 Mich., 70.)

ISAAC CALDWELL AND WILLIAM LINDSAY FOR APPELLEE.

1. It was necessary for plaintiff to show that the company knew, or ought to have known, the insufficient condition of its machinery; and, if it was plaintiff's duty also to have this knowledge, he can not recover for injuries resulting from such defect in the machinery. (Thompson on Negligence, vol. 2, page 1009; Ibid., page 992.)

2. If an employee knows, or, by the exercise of ordinary diligence, could know of the existence of defects in machinery or apparatus, the employer will not be liable for any injury resulting from such defects, unless it be shown that he had actual knowledge of them, and failed to notify the employee of their existence. (Sullivan v. Bridge Co., 9 Bush, 88, 89; Quaid v. Cornwall Bros., 13 Bush, 604.)

3. It was appellant's duty to know the condition of his train, and he can not recover for injuries resulting from defects, the existence of which he should have known.

4. Appellant was bound to take notice of the rules of the company, and a printed copy of them was competent evidence.

5. It was incumbent on appellant to show that he was free from neglect, and the failure of the jury to find contributory negligence was no ground for refusing defendant a judgment.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The injury for which appellant seeks to recover in this action was received by him while engaged in the service of appellee as conductor of a mixed train of cars, running on a narrow-gauge railroad, extending from the city of Louisville, about twelve miles in length.

At the time of the injury he was endeavoring to detach from the train and put upon a spur switch, about three miles from that city, called Callahan's switch, four empty flat-cars, which, by reason of the main track being up grade at that place, had to

be done either by the use of a rope or by what is called a running switch, that is, cutting the cars off from the locomotive while in motion, and letting them, by the impetus given, run upon the switch track, the necessary change of rails at the intersection being made after the locomotive passes, the speed of which is accelerated upon being cut loose.

But the four cars being, on that occasion, without brakes, or such as could be used, appellant found it impossible to stop or check them on the down grade of the switch track, and to avoid a dangerous collision with another car standing thereon, loaded with stone, he jumped off one of the flat-cars, falling against rocks near the track, and in some way getting one of his legs run over by a car wheel, whereby he was severely and permanently injured.

The ground upon which he bases his right to recover, as set out in the petition, is the alleged negligence of appellee in providing him with cars having defective brakes that would not work when he attempted to stop the four cars on the switch, whereby the injury complained of was caused, of which defects appellee knew or might have known, by the use of ordinary diligence, and of which appellant did not know.

Appellee admits in its answer that the brakes on the four cars were negligently out of order, and did not serve the purpose for which brakes are intended, and that by reason thereof appellant was injured; but says he was at the time its chief officer and agent and the sole conductor of the train, and had

control and supervision of all the employees engaged in the running operations of the road, and of the rolling stock used on the road, and that the defects mentioned were known, or by reasonable diligence on his part might have been known, to him.

It is also stated in the answer, and attempted to be proved, that amongst appellee's printed rules for operating trains, which its conductors are required to obey, is one forbidding the placing of cars on switch tracks, by the method called a running switch, the one used when appellant was injured, which is always attended with danger. But conceding appellant knew, or that it was his duty to know, such rule existed, still we do not think his violation of it is a sufficient defense to this action. For the evidence tends to show that it is the most, if not the only practicable way to put cars on Callahan's switch, and had been so habitually resorted to, before appellant was employed as conductor, as to raise the presumption appellee was aware of and approved it.

It is alleged by appellant that he had never acted or had any experience as conductor of a railroad train before being employed as conductor on the narrow-gauge road, and that fact appellee knew at the time.

The evidence shows that appellant had for about three years been connected with the running of trains on other roads owned by appellee, as baggage-master and express agent, but was conductor about one month only before receiving the injury.

It further appears that appellee's superintendent

of transportation, who had authority to select and employ conductors, was, when he put appellant in the position, aware of his lack of experience as conductor, but failed to furnish him with the printed rules of the company, and gave him no definite instruction as to his duties, the only instruction received by him being obtained from his predecessor, with whom he operated the train two days before taking full control as conductor.

In every contract of hiring between a railroad company and its employee, there arises a legal implication of good faith on the part of both to the public as well as to each other. Consequently, in an action by a passenger or stranger, or even by a subordinate employee, for an injury received on or by a railroad train by reason of the inexperience or want of skill of the conductor in charge of it, the liability of both the company and conductor is fixed, for in such case bad faith as well as negligence may be imputed to each of them. But in an action by a railroad company against a conductor of one of its trains for an injury resulting from his inexperience and want of skill, it would be a sufficient defense that the company employed him with full knowledge of his want of the necessary qualification for the position; for railroad companies are under the highest moral as well as a legal obligation to exercise care and diligence in the selection and employment of competent and trustworthy conductors of their trains, and none others, and hence a claim for damages in such case would be founded upon the plaintiff's own bad faith and negligence of the most reprehensible character.

And it seems to us that for the same reason the rule ought to be applied to an employee who voluntarily assumes the responsible position of conductor of a railroad train, and that he should be precluded from recovering against the company for an injury resulting from his own confessed want of experience and skill. For when he accepts the position he undertakes that he has the requisite qualifications to discharge, and will faithfully and diligently discharge, the duties of conductor. And upon the faith of such undertaking he is employed, and lives and property are intrusted to his custody.

It is true in this case the company knew appellant had no previous actual experience as conductor, and, as we have said, for that reason could have had no claim against him for an injury to it resulting from his want of experience; but that fact does not release him from his own undertaking, nor absolve him from the duty and good faith he owed to the public; nor does his want of practical experience as a conductor necessarily involve his ignorance of the hazards and responsibilities of the position at the time of his employment, for he had then been running on railroad trains for three years; and much less could such excuse avail him at the time he was injured, for he had then been actually in the service as conductor one month.

As, therefore, it does not appear that appellant was constrained by fraud or coercion on the part of the company to act as conductor, but being *sui juris*, did so voluntarily and for his own advantage, we think he should in this case be held to the per-

formance of all the duties and responsibilities, and accorded only those rights and immunities that usually appertain to the position. Consequently, the following instruction contains the law applicable to this case, and was properly given:

"When a person assumes to act as a railroad conductor, * * * the law requires of him, in the discharge of the duties incident to that position, all the care, skill * * * and caution which ordinarily careful, skillful * * * and cautious persons engaged in similar business * * * observe."

The remaining inquiry, then, is, whether it was the duty of appellant, as conductor, before moving his train from the depot in the city of Louisville, to ascertain, or to exercise reasonable diligence in endeavoring to ascertain, whether the four flat-cars were supplied with brakes in proper condition, for the injury to him was entirely the result of the want of brakes on these cars that would work.

The evidence, as well as the special verdicts of the jury, show that appellant did not know, until he attempted to use them on Callahan's switch, that the brakes on the four cars were not in working order, and that he made no examination or test to ascertain whether they were fit for use, though he could have made such examination before using the cars.

It is the duty of railroad companies to furnish a safe road, and sufficient and safe machinery and cars. They can provide all this by the use of the requisite care and oversight, and if they fail to do it they are guilty of a breach of duty, and are

liable for the consequences, as well to their servants as to others. (Thompson on Negligence, vol. 2, 985, and authorities cited.)

And it is true that if a servant is injured by reason of latent defects or hazards incident to the occupation of which the master knows or ought to have known, but of which the servant does not know, nor can be reasonably required or expected to know, he may recover for such injury; for, as said by this court in Sullivan v. Louisville Bridge Company, 9 Bush, 81, "there are cases where the employee has a right to depend upon the judgment of his employer as to the safety of the material furnished him, and in such instances, when he is injured by the negligence of the party furnishing the material, his right to recover is unquestioned." But said the court in the same case: "In an examination of authorities on this subject, we have found no case where the employer, either from his own neglect or that of his agent, was held liable when the party using the material furnished him, and receiving an injury therefrom, knew before the injury was received as much about the material used and its defectiveness as the party furnishing it."

It appears that the company has a car inspector employed, whose business and duty it is to examine all cars, and if any one be found unfit for use, to indicate the fact by a mark thereon. It may be that if the car inspector had faithfully discharged his duty in this instance, which the evidence shows he failed to do, the four cars with the defective brakes would not have been put in use by appel-

lant, and he would not have been injured. But the printed rules of the company require each conductor, before moving a train, to inform himself of the condition of the cars composing it, and, independent of the rules, he is neither required nor justified in using a car that is defective and unfit for use. That appellant was not furnished with a copy of the printed rules, and was ignorant of their existence, did not constitute sufficient reason for rejecting them as evidence in this case, and they were properly admitted; for it was his duty to acquaint himself with those rules, which manifestly he might have done by the use of ordinary diligence.

Moreover, the evidence shows that it is the duty of conductors and their custom, before moving trains, to know that each car is in proper running condition.

In our opinion it is properly, in fact necessarily within the scope of his duties, for a railroad conductor to ascertain, by all reasonable means in his power, before moving a train, that it may be done with reasonable safety of the lives of passengers, employees and property placed under his control, and every one should be held to the knowledge, experience and skill requisite to ascertain such fact.

The essential fact that appellant was injured by reason of his own negligence in moving the train when the four cars were not properly supplied with brakes, which by reasonable diligence and care he might have known, clearly appears, and, therefore, the court did not err in rendering judgment for the defendant, notwithstanding the jury failed to agree as to some of the interrogatories propounded.

The judgment is affirmed.