CASE 40—ACTION FOR PERSONAL INJURY—JUNE 3-Nov. 1.

# Louisville & Nashville Railroad Co. v. Bocock.

APPEAL FROM BELL CIRCUIT COURT.

1. NEGLIGENCE.—DUTY OF RAILROAD COMPANIES AS TO TRACK.—The rule that in its station yards, or yards where trains are made up, the railroad company should have its track reasonably safe for the discharge of such duties as its employes are there required to perform, and to this end should have its track surfaced up and free from holes endangering the safety of its employes in the ordinary discharge of the duties, has no application to the track of the railroad at other places.

2. SAME.—Where the defendant's employes on the day before the accident to the plaintiff removed the filling or tamping between the ties at a place where the accident occurred, and failed to replace same, whereby the track at that point was made dangerous and plaintiff by reason of such danger was injured in the performance of his duties, the defendant was guilty of actionable negligence.

3. AMENDED ANSWER—CONTRIBUTORY NEGLIGENCE.—Upon the return of this case the defendant should be permitted to file an amended answer pleading contributory negligence, it appearing that defendant's counsel were misled in the belief that such a plea had been tendered.

4. SAME—EVIDENCE.—Defendant should be permitted to introduce in evidence a rule forbidding brakemen getting between the rails to couple or uncouple cars while in motion, and thereupon the plaintiff should be permitted to show that the rule was habitually disregarded by appellant or its officers superior in authority to plaintiff and that he was expected by his superior officer to go between the rails while the cars were in motion to couple or uncouple them.

5. SAME—INSTRUCTIONS.—Before appellant can predicate error of the instructions given, offered or refused, it must appear that it excepted to the ruling of the court on that subject, a mere objection not being sufficient.

J. W. ALCORN IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLANT.

1. The petition fails to allege facts sufficient to constitute a cause of action and the defect was not cured by any subsequent pleading. Shearman & Redfield on Neg., sec. 8 (4th ed.); Chiles v.

Drake, 2 Met., 149, and L. & N. R. R. Co. v. Wolfe, 80 Ky., 82, distinguished. The plaintiff having elected to allege the particular circumstances which he relied on as constituting negligence, he was limited to them on the trial. Greer v. L. & N. R. R. Co., 94 Ky., 169.

2. The amended answer which was offered at the conclusion of the testimony should have been allowed to have been filed. The court had permitted testimony bearing upon the issue tendered by the amended answer.

3. The motion for a peremptory instruction to the jury at the conclusion of all the testimony should have been sustained. Muldowney v. R. R. Co., 39 Iowa, 615; Williams v. R. R. Co., 43 Iowa, 396; Betterson v. R. R. Co., 63 Mich., 125; Mayes v. R. R. Co., 63 Iowa, 562.

4. The instruction to the jury is erroneous. R. R. Co. v. Barbour, 5 Ohio St., 541; 67 Am. Dec., 312.

5. It was error to refuse to permit the defendant to prove the printed rules of the company which it claimed the plaintiff was violating when the accident occured.

WM. LOW FOR THE APPELLEE.

1. The petition stated a cause of action, and if it was indefinite, the defendant should have made a motion to require plaintiff to make it more specific.

2. Counsel's objection to the petition that it does not state that the appellant owed to the plaintiff the duty of keeping the road bed of the railroad free from holes at the place where the accident occurred, is not well founded. Such an allegation would have been a mere legal conclusion. Bliss on Code Pleading. The petition did, however, state facts from which the legal duty to the plaintiff was implied. L. & N. R. R. Co. v. Case's Admr., 9 Bush, 731.

3. The law imposes a duty upon an employer to provide a safe place for his employes to work. 3 Wood on Railways, 1484, notes; 4 Am. & Eng. Ency. of Law, 424, 428; 14 Am. & Eng. Ency. of Law, 879; Bushnell on Personal Injuries, sec. 195; Greer v. L. & N. R. R. Co., 94 Ky., 169; Gulf C. & F. R. Co. v. Redike, 67 Texas, 181 (2 S. W. R., 513); San Antonio & A. P. Co. v. Parr, 26 S. W. R., 861; Baird v. Chicago, &c., R. Co., 8 Am. & Eng. R. R. Cases, 128; Snow v. Housatonic R. Co., 8 Allen, 441; Plank v. N. Y. Cent. R. Co., 60 N. Y., 607; Ferren v. Old Colony R. Co., 9 N. E. R., 608; Spaulding v. Chicago & C. R. Co., 67 N. W. R., 227; Kennedy v. L. S. I. & T. R. Co., 66 N. W. R., 1137; Hollenback v. Mo. Pac. R. Co., 38 S. W. R., 923; Southerland v. Northern Pac. R. Co., 43 Fed. Rep., 646.

Louisville & Nashville Railroad Co. v. Bocock.

4. If there was any defect in the petition the verdict of the jury cured it. Bullitt's Code, p. 181, and authorities therein cited; L. & P. Canal Co. v. Murphy, 9 Bush, 522.
5. The court erred in refusing to permit the amended answer to be filed. There was no evidence upon which to base it except evidence which was admitted over the plaintiff's objection. 1 Enc. of Pl. & Pr., 586; Johnson v. McIntosh, 31 Barbour, 267. Further, the testimony of Bocock is to the effect that the rule was universally disregarded by brakemen in defendant's employment with the knowledge of the conductors. The proof thus being conflicting, an amendment purporting to conform to the proof should not have been permitted.

SAME COUNSEL FOR THE APPELLEE IN A PETITION FOR A REHEARING.

1. Errors in instructions are waived unless instruction is excepted to. L. & N. R. R. Co. v. Graves, 78 Ky., 74; Cox v. Winston, 3 Met., 577; Burks v. McFela, 4 Ky. Law Rep., 833; Castle v. Bogs, 40 S. W. R., 242; Brook v. Woody, 14 Ky. Law Rep., 141; Code, secs. 333 to 339.
2. Instructions given were correct. L. & N. R. R. Co. v. Greer, 15 Ky. Law Rep., 667.
3. It is not the duty of the court to give the whole law. Additional instructions or modification of instructions must be asked for. Clark v. Baker, 7 J. J. Mar., 177; Swope v. Schafer, 9 Ky. Law Rep., 160; Newport St. Ry. Co. v. Johnson, 2 Ky. Law Rep., 225; 11 Am. & Eng. Ency. of Law, 258; 11 Am. & Eng. Ency. of Pl. & Pr., 217 to 227 and notes.
4. The amendment of defendant was properly refused. Johnson v. McIntosh, 31 Barb., 267; 1st. Am. & Eng. Ency. of Pl. & Pr., 586; Hubble v. Murphy, 1 Duv., 280.

WM. LOW AND RICHARDS & RONALD FOR APPELLEE IN A SUPPLEMENTAL PETITION FOR A REHEARING.

Additional citation:   Cox v. Winston, 3 Met., 577.

EDWARD W. HINES FOR APPELLANT IN REPLY TO THE PETITION FOR A REHEARING.

1. Although by inadvertence the bill of exceptions does not show that the instructions given were excepted to, it does show that instructions asked by the defendant which should have been given were refused and that the action of the court in refusing them was excepted to and it is immaterial whether the judgment be reversed upon the grounds that erroneous instructions were given, or that proper instructions were refused.
2. There was no error in failing to submit the question as to whether the tamping had been so recently taken from between

[15]

the ties that plaintiff had no opportunity to know of the defect because the plaintiff had failed to allege in his petition the want of opportunity to know of the defect. Quaid v. Cornwall & Bro., 13 Bush, 603.

3. It was error to refuse instruction "C," asked by defendant, presenting the idea that it was not negligence as to plaintiff to leave an unguarded hole in the track between the rails provided there was no danger therefrom to a brakeman coupling or un-coupling standing cars, even though there might be danger to one stepping between the rails to couple or uncouple moving cars.

4. The only evidence that a habitual violation of the rule of the company was done with the knowledge or consent of the com-pany was that such violation was done with the consent of the conductors, and this class of servants are not such officers of the company as have authority to abrogate and establish rules for the control of the servants. Richmond, &c., R. Co. v. Rush, 71 Miss., 987; Shenandoah, &c., R. Co. v. Lucade, 86 Va., 390; Penn., &c., R. Co. v. Langdon, 92 Pa. St., 21.

RICHARDS & RONALD and WM. LOW in response to the appel-lant's reply.

JUDGE HOBSON delivered the opinion of the court.

Appellee was a brakeman in appellant's service. While in the discharge of his duty in making a coupling, he was caught between the cars of the train and his leg cut off. For this there was a verdict and judgment in his favor for the sum of $5,000. The railroad company seeks by this appeal a reversal of the judgment, chiefly on the ground that the facts did not warrant a recovery, and that the instructions of the court below did not properly give the law of the case to the jury.

The injury occurred at Asher's Mill, which is just south of the station of Pineville. There was a side track there. The train had in it some cars to be left on this side track. Appellee got off at the switch, and opened it, and then walked up by the side of the train to the car next to the tender, to uncouple it, so as to shove it and two other cars into the side track.

When he stepped in between the cars, his lantern was lighted, and hanging on his left arm. The train was moving slowly backwards. He pulled out the pin with his left hand to uncouple the car, and as he did so his lantern went out. He then started to get out from between the cars, and in doing so stumbled, and the brakebeam of the tender ran upon his left foot. He fell, and was dragged thirty or forty feet. His leg and ankle were crushed to above the knee joint. It was dark, and he says the cause of his fall was his stepping into a hole in the track after his lantern went out. It is earnestly argued for appellant that it was negligence in appellee, and contrary to its well-known rules, to go in between the moving cars for the purpose of uncoupling them, and that, at any rate, his injury occurred from a risk incidental to the service; the proximate cause of it being his lantern's going out, so as to leave him in the dark, and unable to see how to guide his movements. The cause of the lantern's going out is not explained, but was probably due to his having it on the arm with which he pulled the pin while the train was in motion.

On the other hand, it is argued for appellee that the proximate cause of his injury was the fact that the place where he was called upon to discharge his duties was not safe for this purpose, and that his fall was due to the hole into which he stepped in the dark, which defendant should not have suffered to be there.

The rule is well settled that in its station yards or yards where trains' are made up the railroad company should have its track reasonably safe for the discharge of such duties as its employes are there required to perform, and to this end such places should be surfaced up, and free from holes endang-

ering the safety of its employes in the ordinary discharge
of their duties. But this rule does not apply to the track
of the railroad at other places than such yards.

It is notorious that railroad tracks are not usually sur-
faced up in this State at side tracks for small stations,
mills, etc. There is evidence in this case that the track
at this point was in the condition as at other similar
places along the road, with no hole in it, except the ends
of the ties were not surfaced up. In entering appellant's
service appellee assumed the risks ordinarily incidental
thereto. This would include risk of injury from the track
not being surfaced up if the place where appellee was
hurt was substantially in the same condition as similar
localities along the road. (Ragon v. Toledo, &c., Railway
Co., 97 Mich., 265, [37 Am. St. R., 336, 56 N. W., 612];
Batterson v. Chicago, &c., Railway Co., 53 Mich., 125, [18
N. W., 584]; 3 Elliott on Railroads, sections 1272, 1296;
2 Shearman & Redfield on Negligence, section 406, notes.)

But there was proof for appellee which tended to show
that on the day before the accident the section men were
at work on the track at this point, and had taken out all
the filling or tamping between the ties; that they went
away, and left it in this condition, and, after appellee was
hurt, came back the next morning, and filled it up again.
If all the tamping was taken out from between the ties,
it would leave a deep hole there, which would well cause
a man to fall if he stepped in it in the dark while uncoup-
ling a moving train. Such a hole would be peculiarly dan-
gerous, because, the track having been theretofore, ac-
cording to the evidence for appellant, in good condition,
appellee would have no reason to apprehend the danger,
as the tamping was not taken out when he went over that
part of the track on his last trip.

In Kansas, &c., Railroad Co. v. Kier, 41 Kan. 661, [13 Am. St. R., 311, 21 Pac., 770], a brakeman sued for injuries received from his stumbling while going in to uncouple a moving train. For a long time before the time of his injury the ground where the switch was located had been solid and hard. He was well acquainted with its condition, and on the morning of that day, as he went out, had used the switch in its usual good and safe condition; but before his return the company had deposited about the switch several car loads of cinders, and left them in great heaps and piles upon either side of the track, so spongy and soft that a person stepping upon them would sink into them to a considerable depth. On his return, which was after dark, he stepped upon the ground, in ignorance of its changed condition, and by reason of the cinders tripped, and fell between the cars. The cause of his fall was his sinking in the cinders, which rendered it dangerous for him to discharge his duties in the usual way at that switch.

It was held by the court that it was the duty of the railroad company to keep its track in a reasonably safe condition, and that it was under obligation to its servants not to induce them to work in a place of danger under the notion that it was safe; that the master assumes the duty towards his servant of exercising reasonable care to provide him with a reasonably safe place at which to work, and that, if the dumping of cinders left the roadbed in a dangerous condition, and Kier, while in the discharge of his duty to uncouple the car, while moving slowly, without any notice of the recent change in the condition of the roadbed was thrown under the train on account of the dangerous condition of the ground at the switch, the railroad company would be liable.

After citing several cases supporting this conclusion, the court says:

"Counsel contended that if the plaintiff was entitled to be notified of the changed condition of the roadbed or yard, then every other employe would be equally entitled to like notice, and therefore that the company would be seriously embarrassed in the operation of its road. As we have already decided that a railroad company is liable to any one of its servants operating its road for the negligence of either one of its servants whose duty it is to keep the road in a reasonably safe condition, and who culpably fails to perform such duty, or to give proper warning, we deem it unnecessary in this case to give further or additional reasons for the support of the law as declared by this court. It would seem to us, however, not very difficult or expensive, if a bridge, track, roadbed, or yard of a railroad company is in a dangerous condition, for the foreman having charge of the section or work to place thereon at night danger signals like red lights so as to give warning to all the servants or employes of the company."

A similar ruling was made in Lewis v. St. Louis, &c., Railroad Co., 59 Mo., 495, [21 Am. R., 385], where a deep hole had been dug by the side of the track to set a post a day or two before the accident, and left open so that a brakeman in discharge of his duty, without notice of the danger, stepping into it, stumbled, and, falling between the cars, was injured: The court said: "The legal implication is that the roads will have and keep a safe track, and adopt suitable instruments and means with which to carry on their business. They can provide all these by the use of the requisite care and foresight, and, if they fail to do so, they

Louisville & Nashville Railroad Co. v. Bocock.

are guilty of a breach of duty, and are liable for the consequences. . . . Under this rule it is held that the companies are liable for the existence of all defects which they knew, or by reasonable care and diligence might have known."

In this quotation the court used substantially the language of Chief Justice Bigelow in Snow v. Housatonic, &c., Railroad Co., 8 Allen, 441, [85 Am. Dec., 720], where a brakeman had been injured by reason of a hole in a plank laid down between the rails at a point where a highway crossed the track, he having stepped into the hole, and fallen, in the discharge of his duty, by reason of it.

The removal of all the ballast or filling from between the ties at the switch where appellee was injured made it necessarily dangerous for a man to go in between the cars at that point, while they were moving, to make a coupling, because, if he did not know that the tamping had been taken out, and in moving along with the car should place his foot between the ties in the dark, he would be very liable to stumble and get hurt. Such a condition of the place where he was required to discharge his duty should not have been left without notice to him of the change, because he had a right to assume, until he learned to the contrary, that the place was in its normal or usual condition. If the tamping is removed from such places, and can not be replaced before dark, either notice should be given to those servants having occasion to use it in discharge of their duties, or a light should be placed there to apprise them of their danger. The duties of brakemen are peculiarly perilous, and proper regard for human life will not permit that the places where they are to work shall be left in such condition, without their knowledge, as to imperil their lives in the necessary rendition of the services assigned them.

The instructions given on the trial were not in accord with the principles we have stated. The proof showed that appellee had been in the service of appellant for several years, and was familiar with the track at this point. There was no proof of the existence of any hole or defect in the track for which appellant would be liable if it was in its usual condition. Whether it was in its usual condition, or the tamping had all been taken out from between the ties, with no filling left between them, as above described, the proof was very conflicting.

Under the evidence the court should have told the jury that in entering appellant's service appellee assumed all the risks usually incidental to it, and that, if he was caught and injured by reason of the track not being surfaced up, when it was in its usual condition, as it had been theretofore, appellant was not liable; but that if, shortly before the injury, appellant took the tamping from between the ties, and, without notice to him, left it in a condition more dangerous for the necessary discharge of his duties then might be reasonably expected from the exercise of ordinary care on the part of appellant, and that if, by reason of this, the injury occurred, appellee was entitled to recover, unless he failed to use at the time ordinary care for his own safety, and, but for this, he would not have been injured. Ordinary care is such as may be usually expected of persons of ordinary prudence under like circumstances, considering the perils attendant upon the business.

On the return of the case to the court below appellant may be allowed to file its amended answer heretofore tendered so as to plead contributory negligence by appellee in going between the cars and uncoupling the train as he did.

Appellant offered in evidence a rule forbidding brakemen

Louisville & Nashville Railroad Co. v. Bocock.

getting between the rails to couple or uncouple cars while in motion. Appellee denied knowledge of the rule, and said it was habitually disregarded by appellant. The rule may be admitted in evidence on another trial, for appellee can not recover if he got between the rails, and so got hurt, in violation of his duty. He was bound by the rule if he knew, or by the exercise of ordinary care ought to have known it. Appellant was not required to read the rule to him, but only to give him a reasonable opportunity to learn it; and had a right to presume he understood, especially after he had been so long in its service, how he was required to discharge his duties. (Alexander v. L. & N. Railroad Co., 83 Ky., 589.)

If, however, the rule was habitually disregarded by appellant or its officers superior in authority to appellee, and he was expected by his superior officer to go in between the rails while the cars were in motion, to couple or uncouple them, the rule would be no bar to a recovery in this action. (3 Wood on Railroads, section 382; L. & N. R. R. Co. v. Foley, 94 Kentucky, 220.)

The rule may be given in evidence, and the testimony that it was habitually violated with the assent of the company or its officers in charge of appellee, may also be admitted, and it will then be a question for the jury on all the evidence, whether appellee was in the proper discharge of his duty and free from contributory negligence in going between the rails at the time in question to uncouple the cars.

Judgment reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.

JUDGE HOBSON'S RESPONSE TO A PETITION FOR REHEARING.

Our attention has been called by the petition for a rehearing to the fact, which we overlooked on the original

hearing, that the instructions given by the court were not excepted to. The bill of exceptions reads as follows:

"The plaintiff then moved the court to give instructions 1, 2 and 3, to which the defendant objected, but the court overruled the objections, and gave said instructions, which are as follows." Here follow the instructions. It is assigned as ground for new trial that the court erred in giving each of the instructions, and, as the giving of the instructions was objected to, it would seem that the omission of an exception to the giving of them was due to a mere slip of the pen in writing the bill of exceptions. But it is so well settled that in such a case there must be both an objection and an exception that the rule can not now be departed from. (Cox v. Winston, 3 Metc. (Ky.) 577; Civil Code of Practice, section 333; L. & N. Railroad Co. v. Graves' Assignee, 78 Ky., 74.)

The judgment below can not, therefore, be reversed on the naked ground that the instructions given were erroneous. Still, on the whole case, we are of opinion that the ends of justice require a new trial. From the testimony it appeared that appellee went between the moving cars to uncouple the car next to the engine, while the train was backing slowly; that, as he knew, the track was not surfaced up at this point, but, though level at the middle of the ties, dropped down gradually at the side until at the end of the ties it was several inches below their tops; that the brakebeam of the engine hangs very low, and that if a person puts his foot between the rails, and is not very particular or very quick, it will catch his foot when making a coupling like this while the train is backing. These facts were a part of the transaction itself, and either came out on appellee's own testimony or unavoidably during the progress of the trial. As appellee

Louisville & Nashville Railroad Co. v. Bocock.

knew the condition of things, and the risk of putting his foot between the rails, if the track was in its usual condition, he could not recover. If the amended answer had been tendered when the testimony was given, we are satisfied the court would have allowed it filed, because the above proof was inseparable from that which made out the plaintiff's case, and the defendant had the right to bring out before the jury all the facts showing negligence or the want of it.

If the court had then ruled out the evidence offered as to the rule forbidding brakeman's stepping between the rails in making these couplings, and had placed his ruling on the ground that the defense of contributory negligence was not pleaded in such a way as to allow this evidence, the defendant's counsel would then doubtless have offered an amendment to their answer, or conducted their defense on some other ground. After admitting this evidence, the court erred in refusing, at the close of the trial, to allow the answer to be amended; for thereby counsel were apparently misled, and disabled from getting before the jury the defense upon which they had mainly relied, and a material issue shown by the evidence that was admitted was excluded from the jury.

Petition overruled.