MINNIE *v.* MUELLER.

MASTER AND SERVANT—INJURIES TO SERVANT—MACHINERY—DE-
FECTIVE APPLIANCES—ASSUMPTION OF RISK.

> After a fire, which had somewhat disarranged the machinery in defendant's factory, a block was substituted for a box previously used as a step for the operator of a chicory grinder to reach the feed attachment above the rolls and belt attached to the machine, and plaintiff, with knowledge of such substitution, and of the dangerous character of the machine, was injured by the tipping of the block while he was standing on it to attach the connection to the feed, his arm being thrown onto the running belt, which forced it into the revolving gearing. *Held*, that, the danger being open and apparent, plaintiff assumed the risk.

Error to St. Clair; Tappan, J. Submitted January 13, 1905. (Docket No. 54.) Decided May 12, 1905.

Case by Graham E. Minnie, by his next friend, against Ernest B. Mueller for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Stevens, Graham & Stevens (William T. Mitchell,* of counsel), for appellant.

*Moore & Brown (Phillips & Jenks,* of counsel), for appellee.

MONTGOMERY, J.   The facts, as established by the evidence most favorable to the plaintiff, are stated with substantial accuracy in the charge of the court, a portion of which we employ, and add such further statements as are deemed essential:

Graham E. Minnie, the plaintiff in this case, brings this action to recover damages for personal injuries he received through the loss of an arm while engaged in the operation of a chicory grinder of the defendant, in the city of Port Huron, on the 5th day of November, 1901.   Plaintiff alleges that it was the duty of the defendant to furnish him reasonably safe machinery and a reasonably safe place to operate it in; that the defendant committed a breach of these duties by setting him at work at operating a dangerous machine, and in failing to provide him with reasonably safe steps to reach up to the place where he was compelled to connect the feed, in close proximity to dangerous belting and gearing.   It is shown that this machine or gearing is dangerous in its operation.   It is also shown that plaintiff was just past 19 years of age, a boy of considerable intelligence and of apparent ability, who had worked in this factory nearly 2 years prior to the accident, about 1½ years in the packing department, coming in contact with this grinder from time to time, and theretofore for about 3 months he had charge of the operation of this machine that caused his injuries, commencing in May and ending in August prior to the accident.   It is shown that he quit the management of this grinder in August because he and his father considered it dangerous to continue the work.

The proofs show that a fire had stopped the work at the factory on the Friday before the accident, which occurred

on Tuesday morning following; that Mr. Van Slambrock had promised to give plaintiff employment in the packing department as soon as work was resumed, and that he requested him to take charge of the grinder for a few days, in order to give Mr. Cadotte instructions as to its operation, and this accident occurred while he was so engaged.    It is also shown that the fire had disarranged the work and apparatus more or less; that when plaintiff began work Monday morning he found that the elevator, which it is claimed afforded some protection from one side of the gearings, had been destroyed by the fire; and also it appears that the box that he had formerly used as a step to reach the feed attachment above the rolls and belt, which was a means of causing the accident, had been removed and in its place was an iron pulley about 15 inches in diameter, about 6 inches thick, across the upper flat side of which had been placed a 6x6 block about 24 inches long, to be used as a step in place of the box.    The immediate cause of the accident was the tipping of this apparently loose block while plaintiff was standing on it to attach the connection to the feed above this, throwing his arm onto the running belt, which forced it into the rapidly revolving gearing.

Plaintiff testified that he had not, during the day Monday and the forenoon of Tuesday, observed that the box upon which he had formerly stood had been replaced by the pulley and block upon which he stood when the accident occurred.    It was in evidence, and not disputed, that he had had frequent occasion on Monday to step upon this block.    It is clear that the exposed gearing was open to view, and could not and did not escape the observation of plaintiff.

The only question which can be said to be doubtful is whether the circuit judge erred in holding that the plaintiff should be held to have assumed the risk incident to the tipping or sliding of the loose timber placed across this pulley.    We are all agreed that the conclusion of the circuit judge was right.    The rule of law is that an employé

assumes the risk of such obvious defects in machinery or premises as are known to him, or as would have been discoverable by the exercise of the most ordinary care. Plaintiff knew that before the fire there was no permanent step at this place; that the box which had been in use was a makeshift. He also knew that the interior of the building had been disarranged by the fire which had occurred. A glance in the direction of where he was stepping would have shown the exact condition. There was nothing concealed, and nothing in previous conditions which gave an assurance of safety, which excused plaintiff from exercising ordinary care.

Plaintiff's counsel cite the case of *Sipes* v. *Michigan Starch Co.*, 131 Mich. 258, in support of the contention that the plaintiff had a right to assume that this step was safe. The point decided in that case was that, as the assumption of risk is the result of the contract of employment, and as it would not have been competent for the defendant to contract for the privilege of neglecting a statutory duty, the risk of injury arising from a defect which arose from such neglect of statutory duty was not assumed by the employé. No such question is in this case. On the contrary, this is a case where the plaintiff, in the exercise of the most ordinary care, must have discovered the conditions. He must therefore be held to have assumed the risk. *Batterson* v. *Railway Co.*, 53 Mich. 125; *Soderstrom* v. *Lumber Co.*, 114 Mich. 83; *Ragon* v. *Railway Co.*, 97 Mich. 265.

The judgment is affirmed.

MOORE, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.